ROBERT J. TRAVIS, ADMINISTRATOR, (ESTATE OF PATRICK MCINERNEY) *vs.* THOMAS J. BALFOUR ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 13th—decided July 19th, 1932.

*John C. Blackall,* with whom, on the brief, was *Charles H. Blackall,* for the appellant (defendant Balfour).

*Ralph O. Wells,* with whom was *William S. Locke,* for the appellant (defendant Weir).

*S. Polk Waskowitz,* with whom was *Edward S. Pomeranz,* for the appellee (plaintiff).

PER CURIAM. The plaintiff's decedent was standing on the sidewalk near the corner of Broad and Grand Streets in Hartford when the automobiles of the two defendants collided within the intersection of the streets, with the result that the car of the defendant Balfour was driven upon the sidewalk and struck and killed the decedent. Both defendants have appealed from the refusal of the trial court to set aside the verdict against them, each claiming that the other's negligence was the sole cause of the death of the decedent. Balfour was going south on Broad Street, approaching the intersection upon the right of the defendant Weir,

who was driving west on Grand Street. The jury might reasonably have found that the two cars were approaching the intersection at approximately the same time. If so, Balfour had the right of way and the conclusion would almost necessarily follow that Weir was negligent in not yielding it, and that this negligence was a proximate cause of the death of the decedent. The jury might also have found that Balfour was approaching the intersection at a speed of thirty-five to forty miles an hour, did not slow down as he came to it, did not sound his horn, and did not look to see if any car was approaching from his left. They might also have found that, while cars could proceed on Broad Street south of Grand, there was, on the south side of the intersection, a sign "STREET CLOSED," part way across the street, and a smaller sign "DETOUR." Under these circumstances they could have reasonably concluded that, while Balfour had the right of way, he did not use that care which, even in such a situation, it was his duty to use and that he was negligent, and his negligence was also a proximate cause of the death of the decedent. *Leete* v. *Griswold Post,* 114 Conn. 400, 407, 158 Atl. 919; *Rose* v. *Campitello,* 114 Conn. 637, 640, 159 Atl. 887; *Whipple* v. *Fardig,* 112 Conn. 402, 152 Atl. 397.

There is no error.