GORDON E. McDOWELL *v.* THE FEDERAL TEA COMPANY, INC. ET ALS.

ROBERT RUFF *v.* THE FEDERAL TEA COMPANY, INC. ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 7—decided December 17, 1941.

*DeLancey Pelgrift*, for the appellant (named defendant).

*John F. McGowan*, with whom, on the brief, was *Samuel G. Payne*, for the appellees (plaintiffs).

JENNINGS, J. These cases were tried together and resulted in plaintiffs' verdicts. The named defendant appealed from the refusal of the trial court to set them aside and from the judgments, claiming error in the omission to charge as requested.

The jury could reasonably have found the following facts: Two cars were involved, a Dodge panel delivery truck owned by the Federal Tea Company and driven by Norman Whitney and a Chevrolet pleasure car owned by Anna T. O'Connell and driven by Richard J. O'Connell. Agency was admitted. Both cars were proceeding south at about twenty-five miles per hour on Noble Avenue in Bridgeport, a straight paved street, the truck being ahead. As the truck approached

Maple Street, which intersects Noble Avenue at right angles, it slowed down and turned to its left until its left front wheel was one foot east of the white line marking the center of Noble Avenue. Assuming that it would complete its left turn, the Chevrolet moved up to pass the truck on the latter's right. As the cars came to the intersection, the truck turned to its right to enter Maple Street and the right front fender of the truck collided with the left front fender of the Chevrolet. The Chevrolet, deflected from its course, augmented its speed, mounted the curb at the southwest corner of the intersection and went out of control. It traveled along the sidewalk about thirty feet, struck both plaintiffs who were standing there, turned left and crossed Noble Avenue, leaving a brake mark on the pavement about eighty feet long, and stopped on the east side. The point of impact between the two automobiles was approximately seven feet east of the west curb line of Noble Avenue and eight feet south of the north curb line of Maple Street, if both lines were extended across the intersection. The truck stopped at once. Its driver gave no signal of his intention to stop or turn although he had seen the Chevrolet following him when he looked in his rear view mirror.

The jury could have found both drivers negligent. The principal claim of the Tea Company on its appeals from the refusal of the trial court to set aside the verdicts was that no negligence of its driver could be found to have been a proximate cause of the plaintiffs' injuries. Since he did not strike the plaintiffs, it is a so-called non-contact case. In the recent case of *DeMunda* v. *Loomis,* 127 Conn. 313, 16 Atl. (2d) 578, involving a somewhat similar state of facts, we said, at page 315: "The doctrine of proximate cause has been frequently examined in this state as is in-

dicated by the recent review and analysis of the cases in *Kinderavich* v. *Palmer,* 127 Conn. 85, 15 Atl. (2d) 83. The rule is that this issue presents a question of fact unless no causal relation between the negligence of the defendant and the plaintiff's injuries can reasonably be found. *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 196, 147 Atl. 762. Applying this rule, the court might infer that the sudden stop of the defendant caused Marti to turn right and, with the defendant, block the west lane, and that Fenn, unable to stop without running into one of them, turned left in the hope of passing in the east lane. This recital discloses no such break in the chain of causation as to render unreasonable the conclusion that the negligence of the defendant was a substantial factor in causing the plaintiffs' injuries." So here, the failure of the driver of the truck to signal his intention either to slow down or make a right turn could reasonably have been found to be a substantial factor in causing the accident. While the negligence of O'Connell in passing the truck on its right might defeat an action by him against the Tea Company, it does not follow that the plaintiffs cannot recover against the latter. If the driver of the truck knew or ought to have known that he was being followed by O'Connell, as the jury could reasonably have found, he owed a duty to exercise reasonable care, not only to O'Connell, but to all persons within the class of those whom he should reasonably have anticipated would be exposed to danger by his negligence. It is true that actionable negligence cannot be based upon a breach of duty unless the person injured is within the class of persons to whom it is owed. *Anthony* v. *Connecticut Co.,* 88 Conn. 700, 708, 92 Atl. 672; *Longstean* v. *McCaffrey's Sons,* 95 Conn. 486, 493, 111 Atl. 788; *Hassett* v. *Palmer,* 126 Conn. 468, 472, 12 Atl. (2d) 646. But

persons upon the sidewalk of a city street are too liable to suffer injury from the negligence of operators of automobiles not to be held to be within the class of those entitled to protection from that negligence. Restatement, 2 Torts, p. 735; and see *Smart* v. *Bissonette,* 106 Conn. 447, 138 Atl. 365; *Gates* v. *Crane Co.,* 107 Conn. 201, 139 Atl. 782; *Mitnick* v. *Whalen Brothers, Inc.,* 115 Conn. 650, 163 Atl. 414; *Travis* v. *Balfour,* 115 Conn. 711, 161 Atl. 521; *Fitzgerald* v. *Savin,* 119 Conn. 63, 174 Atl. 177. The fact that the plaintiffs were thirty feet south of the south curb of Maple Street does not put them beyond the pale.

The claims of proof of the plaintiffs were substantially as outlined in the statement of facts. The claims of proof of the Tea Company included one that the truck was never more than five feet from the west curb of Noble Avenue, that the driver did not know of the presence of the O'Connell car on his right until he heard voices just as he started to turn into Maple Street, that the O'Connell car was going forty miles per hour and that he gave the required signal of his intention to make a right turn. Based on these claims the Tea Company requested the court to charge that "in turning or attempting to turn to the right the driver of the automobile of the defendant, The Federal Tea Company, had the right to assume that other operators would observe the provisions of the law regarding passing on the right." This was a correct statement of the law as far as it went and was applicable to the facts claimed to have been proved. General Statutes, Cum. Sup. 1939, § 544e; *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 598, 169 Atl. 613. It omitted the qualification "until he saw to the contrary, or reasonably should have seen to the contrary." *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* supra. It was, however, sufficient to call the

matter to the attention of the court, since the charge should have included instructions on this point, even in the absence of a request. *Foote* v. *E. P. Broderick Haulage Co., Inc.*, 123 Conn. 296, 299, 195 Atl. 191.

In all other respects the charge was full, fair and evidently carefully prepared but we search it in vain to find any reference to this feature of the case. If the jury found in accordance with the claims of the Tea Company just described, the presence or absence of this permissible assumption may have been the decisive factor in determining its negligence. Particularly in view of the definite request, the Tea Company was entitled to have the rule called to the attention of the jury. We are constrained to hold that the omission to do so was reversible error. *Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, supra.

There is error, the judgments are set aside, and a new trial is ordered in both cases.

In this opinion the other judges concurred.