THE GREAT ATLANTIC AND PACIFIC TEA COMPANY *v.*
HARRY E. SCHEUY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued January 5—decided January 31, 1961

*Leo V. Gaffney,* with whom, on the brief, was
*Bernard D. Gaffney,* for the appellant (plaintiff).

*Paul J. McQuillan,* corporation counsel, for the
appellee (defendant).

PER CURIAM. The plaintiff sought a grocery store
beer permit issued pursuant to General Statutes
§ 30-15 (c) (3). A permit of that type would au-
thorize the sale of packaged beer, for consumption
off the premises, at the plaintiff's supermarket on
West Main Street in New Britain. § 30-20 (c).
The issuance by the defendant, as town clerk of
New Britain, of a certificate stating that the sale of
packaged beer at the plaintiff's store under that type
of permit is not prohibited by the zoning ordinances

721

of New Britain is a prerequisite to the granting of the permit by the liquor control commission. § 30-44 (2); *Salerni* v. *Scheuy,* 140 Conn. 566, 569, 102 A.2d 528. Mandamus is a proper remedy if the defendant's refusal to issue the certificate was erroneous. *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12, 37 A.2d 689.

The defendant based his refusal solely on his construction of § 11A of the New Britain zoning ordinances,[1] which places certain restrictions on liquor

---

[1] "[New Britain Zoning Ordinances (1925, as amended)] Sec. 11A —ALCOHOLIC LIQUORS

.        .        .        .        .

"[b] No building or premises which prior to the effective date of this ordinance are not the site or location of a business where alcoholic liquor is sold at retail for consumption off the premises under (1) a package store liquor permit, (2) package store beer permit, (3) grocery store beer permit, (4) druggist permit, (5) druggist permit for beer only, issued by the Liquor Control Commission of the State of Connecticut, shall hereafter be used either in whole or in part for the sale of alcoholic liquor, wine, beer or ale under any such (1) package store liquor permit, (2) package store beer permit, (3) grocery store beer permit, (4) druggist permit, (5) druggist permit for beer only; if any entrance to such buildings or premises shall be within a 1500 foot radius from any entrance to any other building or premises which shall be used for the sale of alcoholic liquor, wine, beer or ale under any such (1) package store liquor permit, (2) package store beer permit, (3) grocery store beer permit, (4) druggist permit, (5) druggist permit for beer only.

"[c] No building or premises which prior to effective date of this ordinance are not the site or location of a business where alcoholic liquor is dispensed for consumption on the premises under (1) tavern permit, (2) Restaurant beer permit, (3) Restaurant liquor permit, (4) hotel permit, (5) club permit, issued by the Liquor Control Commission of the State of Connecticut, shall hereafter be used in whole or part for dispensing of alcoholic liquor, wine, beer or ale under any such (1) tavern permit, (2) Restaurant beer permit, (3) Restaurant liquor permit, (4) hotel permit, (5) club permit; if any such building [or] premises shall be within a 1500 foot radius from any entrance to any other building or premises which shall be used for dispensing of alcoholic liquor, wine, beer or ale under any such (1) tavern permit, (2) restaurant beer permit, (3) restaurant liquor permit, (4) hotel permit, (5) club permit."

outlets within a radius of 1500 feet of each other. Within that radius of the plaintiff's supermarket there was no outlet selling liquor under a grocery store beer permit, as sought by the plaintiff, but there was an outlet selling liquor under a package store permit issued under § 30-20 (a).

The ordinance is far from a model of good draftsmanship. The defendant, and also the court below, construed it as prohibiting the sale of packaged beer at the plaintiff's supermarket because, within a 1500-foot radius, there was an existing outlet for the sale of liquor under a package store permit. This was one of five types of permit, authorizing the sale of liquor for consumption off the premises, enumerated in subparagraph (b) of the quoted portion of the ordinance.

An ordinance is a municipal legislative enactment. The same canons of construction are applicable whether an ordinance or an act of the General Assembly is involved. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 73, 147 A.2d 472. One of these canons is that, if reasonably possible, a legislative enactment should be so construed that no clause, sentence or word is superfluous, void or insignificant. Ibid. The construction placed upon the ordinance by the defendant, and also by the court, gave no operative effect to the word "such" in the phrase "any such" permit. The ordinance was construed as though the word "such" had been omitted and the word "any," alone, had been used. The construction claimed by the plaintiff gives the word "such" its ordinary meaning. The ordinance, so construed, would prohibit the sale of packaged beer at the supermarket only if its entrance is within 1500 feet of an entrance to premises having the same type of permit, that is, in this case, a grocery store

beer permit. There is no claim that any such premises are within that radius. That there was in operation within that radius an outlet for the sale of liquor under a package store permit was of no consequence, since such a permit is of a different type from the grocery store beer permit sought by the plaintiff. The defendant's refusal to issue the certificate was erroneous.

There is error, the judgment is set aside and the case is remanded with direction to render judgment ordering the issuance of a certificate as prayed for by the plaintiff.