The Great Atlantic and Pacific Tea Company, Inc. *v.* Mary A. Katona et al.

King, C. J., Murphy, Shea, Alcorn and Comley, Js.

418

Submitted on briefs January 7—decided February 25, 1964

*John J. Darcy,* on the brief for the appellant (named defendant).

*James J. O'Connell* and *Daniel D. McDonald,* on the brief for the appellants (defendants Grella et al.).

*E. Gaynor Brennan* and *E. Gaynor Brennan, Jr.,* on the brief for the appellee (plaintiff).

ALCORN, J.   This is an action in the nature of mandamus.   The defendants appeal from a judgment directing the town clerk of Fairfield to certify that the plaintiff's premises are in a location in which the sale of alcoholic liquor is not prohibited by § 3, division 5, subsection 2 of the Fairfield zoning ordinance.[1]   The case was presented on an

---

[1] "[Fairfield Zoning Regs. (1961)].   Sec. 3, div. 5(2).   No building or premises shall be used either in whole or in part for the purpose of selling any alcoholic liquors, beer, ale or wine, under any drug store permit, package store permit, restaurant permit, restaurant permit for beer only or tavern permit, if any entrance to such building or premises is within a radius of 1,500 feet from any entrance to any other building or premises where any alcoholic liquors, beer, ale or wine are sold under any such permit, or where sale of alcoholic liquors, beer, ale or wine under any such permit has been abandoned or discontinued for less than 90 days."

agreed statement of facts. The named defendant is the town clerk. The plaintiff intends to apply to the liquor control commission for a package store liquor permit. A certificate by the town clerk stating that the sale of alcoholic liquor at the proposed location is not prohibited by the zoning ordinance is customarily required as a prerequisite to action by the liquor control commission on the application. The premises are in a zone in which a package liquor store is a permitted use. There is a restaurant having a full liquor permit, but no package store, within 1500 feet of the entrance to the plaintiff's premises. The town clerk refused to certify the plaintiff's application because of the existence of this restaurant within 1500 feet of the entrance to the plaintiff's proposed location.

The only question on the appeal is the correctness of the town clerk's action. In deciding that the town clerk should issue the certification, the court below relied on *Great Atlantic & Pacific Tea Co.* v. *Scheuy*, 148 Conn. 721, 167 A.2d 862, which construed language in a New Britain zoning ordinance, described (p. 723) as "far from a model of good draftsmanship." The phraseology of the ordinance, quoted in the footnote on page 722 of the *Scheuy* case, is, however, materially different from that of the Fairfield ordinance with which we are now concerned.

The meaning of the word "such" in the phrase "sold under any such permit," as used in the quoted paragraph of the Fairfield ordinance, is the decisive issue. Relying on the *Scheuy* case, the plaintiff claims that "such" refers only to a permit of like kind, so that the use of premises for the sale of liquor under a package store permit within 1500 feet of the entrance to premises used under a restau-

rant liquor permit does not violate the ordinance. The defendants claim, however, that the reference is to all types of permit previously named in the paragraph and that, therefore, a use of premises under a package store permit within 1500 feet of the entrance to premises used under any of the named types of permit, including a restaurant permit, violates the ordinance.

The meaning of "such" is not to be determined solely by resort to the dictionary definition; we must consider the language of the entire paragraph, the mischief it was designed to remedy and the policy underlying it. *Giammattei* v. *Egan,* 135 Conn. 666, 668, 68 A.2d 129; *Bania* v. *New Hartford,* 138 Conn. 172, 176, 83 A.2d 165. As a zoning regulation, the paragraph is concerned with the use of land and buildings. Its purpose is not to control competition. On the contrary, its purpose is to control the number of liquor outlets which may exist in a zone where the sale of intoxicating liquor is a permitted use. The words used must be construed to serve this purpose, in the absence of language in the paragraph clearly indicating the contrary. The accepted dictionary definitions of "such" include "having a quality already or just specified," "previously characterized or specified," and "aforementioned." Webster, Third New International Dictionary. The common quality of all the permits listed is that they allow the sale of various intoxicants. The word "such" is used in only one other connection in the paragraph, namely, "entrance to such building." As there used, it could only be interpreted as a word of reference to one type of building, namely, a building where any alcoholic liquor, beer, ale or wine is sold. It is to be noted further that the comprehensive intent of the paragraph

is emphasized by the repeated use of the word "any" in connection with the kinds of alcoholic liquor, the types of permit and the entrances to buildings where liquor is sold. If the paragraph were to be given the meaning contended for by the plaintiff, the words "sold under any such permit" must be taken to mean "sold under any permit of a similar kind." As used, however, the word "such" is a word of reference to the five types of permits named in the paragraph. Since, therefore, the use which the plaintiff proposed to make of the premises was for the sale of liquor under a package store permit and the location was within a 1500-foot radius of premises used for the sale of liquor under a restaurant permit, the town clerk was correct in refusing to certify that the proposed use conformed to the zoning ordinance.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion KING, C. J., SHEA and COMLEY, Js., concurred; MURPHY, J., dissented.