THOMAS B. COUGHLIN, ADMINISTRATOR (ESTATE OF SIMEON GOODWIN, JR.) *v.* JOSEPH M. PETERS ET AL.

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

Argued  October  6—decided  October  28,  1965

*Gregory C. Willis,* for the appellant (defendant Marie M. Fuller).

*Thomas B. Coughlin,* for the appellee (plaintiff).

KING, C. J.  This is an action claiming damages for the death of the plaintiff's decedent, Simeon Goodwin, Jr., an eight-year-old boy, alleged to have been caused by the negligence of the defendant Joseph M. Peters and by the negligence of the defendant Marie M. Fuller.  The decedent was struck, at about 3:30 in the afternoon of May 16, 1962, by a car then being operated by Peters in a southerly direction along Honeyspot Road, a public street in Stratford. Peters was defaulted for failure to appear, and the trial proceeded against Mrs. Fuller, only.

The plaintiff's specifications of negligence on the part of  Mrs. Fuller included a claim that the Fuller car was parked on the shoulder of the highway, west of the traveled portion, in violation of an

ordinance of the town of Stratford forbidding a motor vehicle to be parked "upon any town common or upon any highway, sidewalk or between any street lines of the town [of Stratford] for a period longer than ten hours between sunrise and sunset of the same day". The court charged the jury that a violation of this ordinance would be negligence per se and left it to the jury to determine whether the Fuller car had been parked more than ten hours at the time of the accident on the day in question in violation of the ordinance and, if so, whether that violation constituted a proximate cause of the accident.

It was the plaintiff's claim that had the Fuller car not been parked where it was, the decedent would have seen the Peters car approaching from the north, and Peters would have seen the decedent before he stepped in front of the parked Fuller car into the southbound lane of the highway, preparatory to crossing it from west to east.

A local ordinance is a municipal legislative enactment and for the purpose of this appeal is to be treated as though it were a statute. *Great Atlantic & Pacific Tea Co.* v. *Scheuy,* 148 Conn. 721, 723, 167 A.2d 862. In order to predicate a recovery on the ground of statutory negligence, two elements must coexist. In the first place a plaintiff must be within the class of persons for whose benefit and protection the statute in question was enacted. In other words, the violation of the statute must constitute a breach of a duty owed to the plaintiff. *Monroe* v. *Hartford Street Ry. Co.,* 76 Conn. 201, 207, 56 A. 498. This is ordinarily a question of law for the court and is seldom productive of difficulty. See cases such as *Knybel* v. *Cramer,* 129 Conn. 439, 443, 29 A.2d 576; *McDowell* v. *Federal Tea Co.,* 128

Conn. 437, 440, 23 A.2d 512; *Hassett* v. *Palmer,* 126 Conn. 468, 472, 12 A.2d 646.

Second, a plaintiff must prove that the violation of the statute, that is, the breach of the duty imposed by the statute, was a proximate cause of his injuries. *Monroe* v. *Hartford Street Ry. Co.,* supra.

The required coexistence of both elements is well stated in *Knybel* v. *Cramer,* supra, as follows: "Where a statute is designed to protect persons against injury, one who has, as a result of its violation, suffered such an injury as the statute was intended to guard against has a good ground of recovery."

It is obvious that the ordinance in question does not regulate or control the location in which a car may be parked, whether or not that location is hazardous with respect to other traffic, either pedestrian or vehicular. Rather, it merely limits, and to a period of many hours, the time in which a car may be continuously parked in one place. Necessarily, the ordinance could not have been enacted for the benefit or protection of either the decedent or the operators of motor vehicles such as Peters. The ordinance we have here is entirely different from one forbidding any parking at all in a given location.

Second, there could be no violation of the ordinance unless the Fuller car had been continuously parked in the same place for at least ten hours. This, and this alone, was the action prohibited by the ordinance. But on the plaintiff's own claims it was the location in which the car was parked, rather than the mere fact that it had been continuously parked in one place for more than ten hours, which was a proximate cause of the decedent's injuries and death. Thus, the violation of the ordinance,

even if proved, could not have been a proximate cause of the accident.

Although her requests to charge were inadequate to bring out her real claims of law, Mrs. Fuller did make these claims clear during the course of the trial and by timely exceptions to the charge. In this manner she adequately alerted the court to her claim of law that each of the two foregoing elements necessary to make a violation of the ordinance actionable statutory negligence was absent and that consequently such a violation, even if proven, was immaterial and irrelevant to the issues of this case. It was error to submit to the jury, as a permissible ground of statutory negligence, the question of a violation of the ordinance.

Since a new trial is necessary, a consideration of the other claims of error, most of which stem from the error already discussed, is unnecessary.

There is error, the judgment against the defendant Marie M. Fuller is set aside and as to her a new trial is ordered.

In this opinion the other judges concurred.