ANTONIO LAPROVIDENZA *v.* STATE EMPLOYEES' RETIREMENT COMMISSION

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, JS.

Argued February 7—decision released June 19, 1979

*Noel R. Newman,* for the appellant (plaintiff).

*Charles A. Overend,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellee (defendant).

Longo, J. The plaintiff has appealed from a judgment of the Court of Common Pleas in which he sought a declaratory judgment determining his retirement benefits as they were affected by the payment of a lump sum settlement under the Workmen's Compensation Act. The facts underlying this controversy are not in dispute: The plaintiff had been employed for many years by the city of Bridgeport. The city participates in Fund B of the Connecticut Municipal Employees' Retirement Fund which is administered by the defendant State Employees' Retirement Commission. The plaintiff was eligible for normal, voluntary age and service retirement on September 30, 1975, and did, in fact, retire on that date and begin to collect monthly retirement allowances. On November 7, 1975, pursuant to the provisions of the Workmen's Compensation Act, the plaintiff entered into a stipulation with the city of Bridgeport for the settlement of a claim, pending at the time of his retirement, in the amount of $30,000 which was paid to him for an injury received during the course of his employment. Thereafter, on April 21, 1977, the commission notified the plaintiff that his retirement benefits were suspended as of April 1, 1977, until his total future payments of retirement benefits equaled the amount of the workmen's compensation award. The plaintiff then sought a declaratory ruling as to the validity of this order, and the commission responded that the order would stand.

Following this ruling, the plaintiff brought an action in the Court of Common Pleas requesting a declaratory judgment to determine whether § 7-436 of the General Statutes required a deduction of his workmen's compensation benefits from his retirement payments, and requesting reinstatement of the

retirement payments with interest on the sums withheld. The trial court concluded, on a ground different from that of the commission, that all retirement benefits should be suspended pursuant to the formula set out in the final sentence of § 7-436 (a). The plaintiff has appealed to this court, assigning as error the conclusion of the trial court that the workmen's compensation award received by the plaintiff should be deducted from his retirement benefits, and the suspension by the court of his retirement benefits.

The basis of the trial court's decision, and the plaintiff's claim of error, lies in its interpretation of § 7-436 (a) of the General Statutes.[1] The court

[1] Section 7-436 (a) provides a formula for the calculation of the amount of an employee's "retirement allowance" based upon the employee's age, length of service and average salary. After setting forth the formula to determine a "retirement allowance," § 7-436 (a) provides further: "provided *such allowance* for *permanent and total disability* arising out of and in the course of his employment, as defined in the workmen's compensation act, shall not be less than one-twelfth of one-half of the member's annual pay at the time his disability was incurred. Any amount or amounts received under the workmen's compensation act shall be deducted from *such allowance*. The retirement allowance herein provided shall be reduced by the amount of any retirement allowance concurrently payable under the provisions of section 7-431, and by the amount of any retirement allowance concurrently payable by the state employees' retirement system or the retirement system of any municipality not participating under the provisions of this part, on account of a period of service for which credit has been transferred to the municipal employees' retirement fund under the provisions of section 7-442b, or the monthly equivalent thereof if payable other than monthly. *No retirement allowances under this section, before the reduction prescribed in the preceding sentence plus workmen's compensation payments and benefits under the old age and survivors insurance system on account of service in a participating municipality, if any, shall exceed one-twelfth of three-quarters of the member's average annual pay during the three highest-paid years of municipal service, and, subject to the foregoing maximum limit, no such allowance plus payments shall be less than one thousand dollars annually.*" (Emphasis added.)

was initially required to interpret the sentence in the statute which provides that "[a]ny amount or amounts received under the workmen's compensation act shall be deducted from *such allowance.*" (Emphasis added.) The defendant commission maintains that the deduction referred to in the sentence quoted should be made in all cases of retirement, whether the retirement was for age and service or for disability. It was and remains the plaintiff's claim that, if the phrase "such allowance" is construed as referring back only to the immediately preceding sentence, the reduction for workmen's compensation payments is properly made only in instances of a retirement allowance "for permanent and total disability arising out of and in the course of his employment."

The trial court determined that the plaintiff was correct in his interpretation of the statutory language, concluding that the deduction of workmen's compensation payments from an employee's retirement allowance referred to in the statute did not refer to the retirement allowance in general, but related only to a retirement for reasons of disability. The court, however, found that the last sentence of § 7-436 (a) required the suspension of the plaintiff's retirement allowance until his retirement benefits equaled the full amount of his workmen's compensation award.

Upon this state of the record, we are required first to determine whether the court was correct in its interpretation of the phrase "such allowance" as used in the eighteenth and twenty-third lines of § 7-436 (a). We agree with the court's determination that the phrase in line twenty-three refers back only to the preceding use of the phrase in line

eighteen, and with its conclusion, on the basis of this construction, that a suspension or reduction of retirement benefits is proper only where an employee initially retires for disability reasons.

To what antecedent does the phrase "such allowance" in the sentence "[a]ny amount or amounts received under the workmen's compensation act shall be deducted from *such allowance*" refer? It is reasonable and permissible statutory construction to conclude that the word "such" in the sentence at line twenty-three refers back to the prior sentence which speaks of "such allowance for permanent and total disability." *Bahre* v. *Hogbloom,* 162 Conn. 549, 555–56, 295 A.2d 547 (1972); *Great Atlantic & Pacific Tea Co.* v. *Katona,* 151 Conn. 417, 420, 198 A.2d 711 (1964). The word "such" has been construed as an adjective referring back to and identifying something previously spoken of; the word naturally, by grammatical usage, refers to the last antecedent. *Estate of Hill,* 214 Cal. App. 2d 812, 820, 29 Cal. Rptr. 814 (1963); *People ex rel. Miller* v. *Mobile & Ohio R. Co.,* 374 Ill. 376, 383, 29 N.E.2d 604 (1940); *Joseph L. Pohl, Contractor, Inc.* v. *State Highway Commission,* 431 S.W.2d 99, 105 (Mo. 1968); *State ex rel. King* v. *Board of Trustees,* 192 Mo. App. 583, 589–90, 184 S.W. 929 (1916); *Richardson-Merrell, Inc.* v. *Main,* 240 Or. 533, 538, 402 P.2d 746 (1965); *Sharlin* v. *Neighborhood Theatre, Inc.,* 209 Va. 718, 721, 167 S.E.2d 334 (1969); cf. 73 Am. Jur. 2d, Statutes, § 244. The accepted dictionary definitions of "such" include "having a quality already or just specified," "previously characterized or specified," and "aforementioned." Webster, Third New International Dictionary; see *Great Atlantic & Pacific Tea Co.* v. *Katona,* supra, 420.

Mindful, however, that the meaning of "such" in relation to the provisions of § 7-436 (a) is not to be determined solely by resort to its dictionary definition, we consider the entire paragraph, the mischief it was designed to remedy and the policy underlying it. *Dostman* v. *Zoning Board of Appeals*, 143 Conn. 297, 300-301, 122 A.2d 19 (1956); 82 C.J.S., Statutes, § 325; cf. *Litchfield* v. *Bridgeport*, 103 Conn. 565, 131 A. 560 (1925). In view of these factors, the correctness of the trial court's decision is fortified. The first time the phrase "such allowance" is used, it unquestionably refers to the "retirement allowance" in line three of the statute. On a further reading, however, the "allowance" the statute refers to at line eighteen is a retirement allowance based upon a "permanent and total disability." The very next sentence, herein in controversy, reduces "such allowance" by any amounts received under the Workmen's Compensation Act. In light of the accepted meaning of the word "such," these sentences, read together, make sense if the latter is construed to modify and delimit the former. It would be consonant with the legislative intention underlying this statute to hold that a retirement allowance for disability purposes should not be duplicated by payments under the Workmen's Compensation Act. It is entirely another matter, however, to construe the statute as authorizing the deduction of workmen's compensation benefits from normal and voluntary age and service retirement payments when the workmen's compensation benefits are wholly unrelated to the cause of retirement. The malady that the statute was intended to remedy is obviously a situation of duplicate payments occasioned by a retirement for disability reasons, followed by workmen's compensation payments for

disability. In the present case, however, there would be no duplication of payment, and the statute should not be read to encompass the reduction of normal, nondisability retirement benefits on account of unrelated workmen's compensation benefits.[2]

The plaintiff's right to retirement payments became vested as of September 30, 1975, the date of his retirement, and he was entitled to receive those payments regardless of whether he may have been disabled to some extent by an injury for which he was entitled to workmen's compensation benefits.

It is an elementary rule of construction that statutes should be considered as a whole, with a view toward reconciling their separate parts in order to render a reasonable overall interpretation; the application, moreover, of common sense to the statutory language is not to be excluded. *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 411, 311 A.2d 65 (1972); *Garbaty* v. *Norwalk Jewish Center, Inc.,* 148 Conn. 376, 382, 171 A.2d 197 (1961). We must avoid a consequence which fails to attain a rational and sensible result which bears most directly on the object which the legislature sought to obtain. *United Aircraft Corporation* v. *Fusari,* supra, 414; *Bridgeport* v. *Stratford,* 142 Conn. 634, 644, 116 A.2d 508 (1955); *Sage-Allen Co.* v. *Wheeler,* 119 Conn. 667, 679, 179 A. 195 (1935). Applying these rules in the light of our discussion thus far, we are in agreement with the

[2] In this regard, it is interesting to compare the provisions of chapter 66 of the General Statutes, the "State Employees Retirement Act." Section 5-170 (c) (1) specifically provides that retirement income payments shall not be suspended for an employee receiving specific compensation awards for total or partial incapacity under General Statutes §§ 31-307 or 31-308. Such an express provision addressing separate payments of retirement and workmen's compensation benefits is absent from § 7-436 (a).

trial court's construction of the sentences employing the phrases "such allowance" in the eighteenth and twenty-third lines of § 7-436 (a).

We turn now to the question whether the court erred in concluding that the plaintiff's $30,000 workmen's compensation settlement should be deducted from his retirement benefits pursuant to the last sentence[3] of § 7-436 (a).[4] This sentence by its terms establishes a maximum and minimum amount of retirement allowance. The trial court determined that any payment that exceeds one-twelfth of three-quarters of the retiree's average annual pay during the retiree's three highest paid years of municipal service would be suspended, regardless of the reason for retirement, and then concluded that all retirement payments should be

---

[3] For the purposes of clarity, we again set forth the sentence: "No retirement allowances under this section, before the reduction prescribed in the preceding sentence plus workmen's compensation payments and benefits under the old age and survivors insurance system on account of service in a participating municipality, if any, shall exceed one-twelfth of three-quarters of the member's average annual pay during the three highest-paid years of municipal service, and, subject to the foregoing maximum limit, no such allowance plus payments shall be less than one thousand dollars annually."

[4] The plaintiff argues that the court went beyond the bounds of the issues submitted to it by interpreting the remaining portion of § 7-436 (a), in that the plaintiff simply sought a declaratory judgment interpreting the meaning of the sentences at lines eighteen and twenty-three of the statute. We disagree. A review of the complaint, in particular paragraphs one and two of the plaintiff's prayers for relief, discloses that the plaintiff requested: "1. A declaratory judgment determining whether or not the provisions of *Section 7-436* of the Connecticut General Statutes, as amended, require suspension of the plaintiff's retirement benefits, or whether the statutory provision requiring deduction of Workmen's Compensation Act payments only applies in the event of disability retirement. [Emphasis added.] 2. A declaratory judgment determining whether or not the plaintiff is entitled to have his retirement allowance reinstated." By these requests, the plaintiff clearly put into issue the entirety of § 7-436, including its last sentence.

suspended until the workmen's compensation payment was "used up." We cannot agree with the court's construction of this sentence.

The sentence does not, by its terms, authorize either a reduction or suspension of retirement benefits. It simply sets forth a maximum, stating that no payments should exceed a percentage of a member's average annual pay during the three highest paid years of his municipal service. We are in agreement with the plaintiff's argument that the last sentence of § 7-436 (a) is operative only in a situation where an employee is receiving a concurrent payment under § 7-431, as provided in the sentence preceding the last sentence of § 7-436 (a). In view of our conclusion that the sentences at lines eighteen and twenty-three of the statute do not authorize a suspension of the plaintiff's retirement benefits on account of his disability settlement, it would be anomalous to conclude that a deduction is dictated by the last sentence, which neither permits nor requires such a suspension. There is no indication in the record that any concurrent payments, for which a reduction of retirement benefits would be appropriate, were being made to the plaintiff. Workmen's compensation payments would be pertinent to the formula set forth at the close of § 7-436 (a) if there had otherwise been a proper reduction of the plaintiff's retirement benefits. In this regard, it is illuminating to note that the language of the original last sentence of § 7-436 (a), contained in § 891 of the 1949 revision of the General Statutes, did not refer to the "§ 7-431 reduction" in the previous sentence, but merely provided a maximum limit for retirement allowance, plus workmen's compensation payments. Had the legislature intended that concurrent payments for a

specific disability should reduce an employee's retirement allowance, the statutory language could have been retained in its former manner. We must conclude that the court erred in its interpretation of the last sentence of § 7-436 (a).

There is error, the judgment is set aside, and the case is remanded with direction to render judgment for the plaintiff.

In this opinion the other judges concurred.