[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a previous motion to dismiss, the defendant claimed that the plaintiff failed to comply with the notice requirement of General Statutes 13a-144 in that the notice lacked sufficient specificity. In a memorandum of decision dated July 18, 1988, the court, J. O'Connor, held that the "notice provided by the plaintiff, as a matter of law, is not patently insufficient" and CT Page 891 the court did deny the motion to dismiss on said grounds.
The defendant now moves for summary judgment on two grounds, the first of which is a claim that the plaintiff's notice is patently insufficient.
The court will consider the prior ruling on the issue of notice as the law of the case. Though the law of the case is not written in stone, this court will not reverse or modify a decision of a court of equal jurisdiction unless the prior ruling was clearly erroneous and would work a manifest injustice if followed. Breen v. Phelps, 186 Conn. 86, 99-100. Such is not the situation herein. To do otherwise, under these circumstances, would be to invite judge shopping.
The defendant next claims in support of his motion that the alleged defect in the roadway was not the sole proximate cause of the plaintiff's injuries.
The plaintiff sued the defendant pursuant to General Statutes 13a-144, which imposes liability on the commissioner for injuries suffered "through the neglect or default of the state or any of its employees by means of any defective highway . . . which it is the duty of the commissioner to keep in repair . . . ." This liability, however, can only be imposed if the defect in the highway is the sole proximate cause of the plaintiff's injuries and if those injuries are not also proximately caused by the negligence of the plaintiff or a third person. D'Arcy v. Shugrue, 5 Conn. App. 12, 14 quoting Roth v. McDonald, 124 Conn. 461, 463, 200 A.2d 725 (1938).
Although the operator of the motor cycle (of which plaintiff was a passenger) was at the time of the incident in violation of General Statutes 14-289a, the court cannot find the operator negligent per se.
In Coughlin v. Peters, 153 Conn. 99 the court held that in order to predicate a recovery on the ground of statutory negligence, two elements must co-exist: a plaintiff must be within the class of persons for whose benefit and protection the statute in question was enacted; and a plaintiff must prove that the violation of the statute, the breach of the duty imposed by the statute, was a proximate cause of the injuries. Id., 101-102.
This court cannot hold, as a matter of law, that the plaintiff will not be able to prove that the defect was the sole proximate cause of the plaintiff's injuries. That is an issue of act to be determined by the trier of fact. CT Page 892
The motion for summary judgment is denied.
MIANO, J. JUDGE OF THE SUPERIOR COURT