[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is a Connecticut corporation whose shareholders and officers are Harry W. Filippone and Oscar Silverman. Messrs. Filippone and Silverman purchased the stock of White Colony Diner, Inc. on or about January 1, 1988. Mr. Silverman and Mr. Filippone are partners in Harris Enterprises through which they conduct their restaurant business.
The plaintiff corporation operated a diner/restaurant at 625 Chase Avenue, Waterbury, under the name of City Diner.
The defendant is an individual restauranteur who had several years earlier purchased the "Serendipity" restaurant from Mr. Fillippone and Mr. Silverman. Mr. Silverman also ran a restaurant supply business and in that capacity had dealings with the defendant.
The City Diner restaurant was managed by a hired employee manager from January through May, 1988. The original manager left in May of 1988 and was replaced by Mrs. Barbara Kaloski, an experienced restaurant manager and the daughter of Mr. Filippone.
The operations of the restaurant were not profitable and the plaintiff became interested in selling the restaurant.
The defendant entered into negotiations initiated by Filippone and Silverman over the sale of the "City Diner" assets of the plaintiff corporation.
An agreement was never reached between the parties as to the terms of sale.
The plaintiff contends that the defendant agreed on an interim basis to operate the restaurant as if he were the owner. The plaintiff's principals claim that the defendant was to take all revenues and be responsible for all bills.
The defendant contends that he was a hired manager.
In whatever capacity, the defendant managed the restaurant from August 8, 1988 through February 5, 1989. The defendant never CT Page 3983 purchased the restaurant.
The plaintiff seeks substantial damages for expenses incurred but not paid during defendant's management.
The defendant counterclaims for damages resulting from creditors of the "City Diner" pursuing him for payment.
"It is hornbook law that courts do not rewrite contracts for the parties." Heyman v. CBS, Inc., 178 Conn. 25, 227 (1979). The court finds that neither party carried its burden as to its interpretation of a binding understanding between the parties which would arise to the level of an enforceable contract.
The court finds that the plaintiff has failed to meet its burden of proving that defendant agreed to assume full operating responsibility for the diner. There was never a clear agreement reached, which either party could enforce.
At the time of the transfer of management, the diner was losing several thousand dollars a week, and had been in a deficit since at least January, 1988.
Mr. Filippone was nearly a daily visitor to the City Diner during defendant's management, with Mr. Silverman also a frequent vi visitor.
Mr. Filippone also signed diner checks and all monthly sales and use tax returns, as well as quarterly tax returns during the defendant's management.
The court finds that the defendant was negotiating for the purchase of the "City Diner" and was an experienced restauranteur. The defendant was not simply an employee of plaintiff.
The court finds that the defendant has failed to prove the allegation of his counterclaim that he at no time held himself out as the owner of the diner, and that he managed the business only for the plaintiff (Counterclaim First Count Paragraphs 4 and 5).
Judgment shall enter for the defendant on the complaint, and for the plaintiffs on the counterclaim. No costs are awarded to either party.
McWEENY, J.