[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
By a second revised complaint filed with the court on July 21, 1994, plaintiff, William Arpaia ("Arpaia"), seeks recovery for personal injuries, medical expenses, and punitive damages from co-defendants Carol Rutigliano ("Rutigliano") and William Backus Hospital ("Backus"), as a result of a two car accident that occurred on July 30, 1991 in Norwich, Connecticut.
The general facts surrounding this cause of action are as follows. On the date of the accident, Rutigliano was employed by Backus as a data entry clerk. Rutigliano worked the late night shift from approximately 10:00 pm until 8:00 am of the following day. While at work on the night and early morning hours of July 29 and July 30 of 1991, Rutigliano became "agitated and out of control" due to a psychiatric illness.
As a result of her mental state, Rutigliano was escorted by a Backus security guard to Backus's emergency room where she was treated by the attending physician, Dr. Creutz. After examining Rutigliano, Dr. Creutz sent her back to her duties as a data entry clerk, where she again became "irrational, disoriented, and incoherent." Rutigliano was then brought back to the emergency room where she was further treated, and sent home for the night.
After being discharged, Rutigliano proceeded to get into her own vehicle to drive home. While on the way, Rutigliano apparently suffered another mental lapse and believed that she was God traveling at the speed of light when she slammed into the back of Arpaia's vehicle to kill a witch which she believed was in front of her own car. As a result of this high-speed collision, Arpaia suffered various injuries. CT Page 4656
Count one of the complaint states a claim of negligence against Rutigliano that is not relevant to the motion currently before the court.
Count two states a claim of negligence against Backus asserting that Backus failed to properly supervise Rutigliano and instruct her not to drive an automobile. The count further states that Backus failed to transport her home when it knew, or should have known, of her present and past psychological and mental condition.
By a motion dated and filed with the court on July 28, 1994, Backus moved for summary judgment claiming that there are no material issues of fact in dispute and that it is entitled to summary judgment as a matter of law. The thrust of Backus' motion is its claim that Backus did not owe a legal duty to Arpaia.[1]
Arpaia opposes Backus's motion for summary judgment and claims that there is a material issue of fact in dispute. Arpaia asserts that there is a question of fact as to Backus's breach of a duty allegedly owed to Arpaia.[2] Both sides have filed briefs in support of their respective positions.[3]
 Discussion
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of a material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation CT Page 4657 omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1993).
Before reaching the merits of the motion, Arpaia asserts that the court must deny it on procedural grounds because Backus has failed to ask the court for permission to file a motion for summary as required by Practice Book § 379. Arpaia alleges that the case has been on the trial list for over two years, and therefore Backus may not move forward on its motion without first getting the court's prior approval. A review of the court file, however, demonstrates that the case was claimed for the jury trial list only, and there is no evidence that it has been placed on the assignment list or assigned for trial. Backus also points out that the case was pre-tried on August 3, 1994, but no trial date was set.
Therefore, the court finds that Backus did not have to ask the court for permission to file a motion for summary judgment.
Count two states a claim of negligence against Backus. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, ___ A.2d ___ (1994). The question that must be resolved in this motion is whether or not Backus owed a duty to Arpaia on the night of the accident.
Duty is a question of law and only if a duty is found to exist does the trier of fact then determine whether the defendant [Backus] violated that duty. See Shore v.Stonington, 187 Conn. 147, 151-52, 444 A.2d 1379 (1982). A duty owed may arise from contract, statute, or from a situation "when the activities of two persons come so in conjunction that one's lack of care is likely to cause injury to the other." D. Wright J. Fitzegerald, Connecticut Law of Torts (3rd Ed. 1991) § 29.
The test for determining whether or not a defendant owes a duty of care to a plaintiff was succinctly stated by our Supreme Court in the case of RK Contractors, Inc. v. FuscoCorp., supra, 231 Conn. 381. The court noted that:
 Although it has been said that no universal test for [duty] has ever been formulated . . . our CT Page 4658 threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if not exercised. . . .
 A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally `foreseeable,' yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that duty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results.
(Citations omitted; internal quotation marks omitted) RKContractors, Inc. v. Fusco Corp., supra, 385-86.
Backus correctly asserts the general rule that there is no duty of an employer to provide medical care to an employee absent a statute or contract provision. "When an employee has, by unforeseen accident to himself, while engaged in the line of his duty, been rendered helpless, the dictates of humanity, duty, and fair dealing demand that the employer if cognizant of the injury furnish medical assistance." 53 Am.Jur.2d, Master and Servant § 126. (1970).
Assuming, arguendo, the Rutigliano was suffering from a medical emergency while at work, Backus properly brought her to its emergency room for treatment. Thus, as to Backus and Rutigliano, it could be said that Backus acted upon a duty that it owed to its employee. It is only coincidental that the employer was a hospital which made it easier for the infirm employee to receive prompt medical attention. CT Page 4659
This suit, however, is not brought by Rutigliano against Backus for a breach of a duty owed to her, but by a third party, Arpaia, against Backus when Rutigliano struck Arpaia's car after she had been treated at the emergency room and sent home from work. Thus, Arpaia can only hold Backus liable for negligence, if and only if it can be said, as a matter of law, that Backus owed a duty to Arpaia.
It is too unforeseeable that Backus would owe a duty to Arpaia as a result of an accident by one of its employees after she had been discharged from work. "It is true that actionable negligence cannot be based upon a breach of duty unless the person injured is within the class of persons to whom it is owed." McDowell v. Federal Tea Company, 128 Conn. 437,440, 23 A.2d 437 (1941). Had Rutigliano been employed by a bank as a data entry clerk and then brought to a hospital for treatment and later told by the emergency room doctor to go home for the evening, it would seem very unrealistic and an extreme stretch of the law of torts to claim that the employer bank would be liable because of the accident between Arpaia and Rutigliano. The duty between the hypothetical bank and Arpaia is too unforeseeable, and thus, as a matter of law, there can be no action for negligence.[4] This duty, or lack thereof, does not change merely because the employer in the present case is a hospital.
In his brief in opposition to Backus's motion for summary judgment, Arpaia cites the case of Hahn v. Musante, Berman Steinberg Co., Inc., 130 Conn. 441, 35 A.2d 201 (1943) for the general proposition that once an individual decides to assume a duty, he must do so reasonably, or he may be held liable to third parties for injuries that result from his lack of due care. A close reading of the case, however, demonstrates that it concerns the liability of landlords to third-persons, who are not lessees, when the landlord agrees to make repairs to the leased premises, frequented by the public, either by contract or by assumed action, and a member of the public is injured by the negligent repair or construction. Thus, the case enunciates the existence of a special relationship between defendant landlords and business invitees. Although there is a employee/employer relationship between Backus and Rutigliano in this case, no such special relation exists between the defendant Backus and the plaintiff, Arpaia. CT Page 4660
Next, Arpaia makes a claim that Backus can be held liable for Arpaia's injuries under § 319 of the Restatement (Second) of Torts. That section states that, "[o]ne who voluntarily takes charge of a third person whom he knows or should know is likely to cause bodily harm to others if not controlled is under a duty so to exercise his control as to prevent the third person from doing such harm." Arpaia claims that Backus took charge of Rutigliano when it, on two occasions that night, escorted her to the emergency room.
Arpaia's argument fails for two reasons. First, the Supreme Court of Connecticut has refused to adopt § 319 of the Restatement (Second) of Torts. See Kaminski v. Fairfield,216 Conn. 29, 578 A.2d 1048 (1990). Secondly, the court inKaminski, supra, found that if it were to adopt § 319, it would more appropriately be done in a factual situation closely related to the comments and illustrations that follow the section that "deal with the liability of institutions, such as hospitals, that have formal custodial responsibility for those in their charge [or] in the context of professional custodians with special competence to control the behavior of their charge." Id. 35.
The facts in this case do not suggest that the employer Backus "took charge" of Rutigliano in the sense that it had a high degree of control over her actions and decisions. Rather, the employer took her to the emergency room where a doctor and the patient herself came to the conclusion that it was best that she leave work early.
The last portion of Arpaia's memoranda of law in opposition to Backus's motion for summary judgment states that there is a material issue of fact as to whether Backus properly discharged its duty in a reasonable manner. As stated previously, the existence of a duty is a matter of law that must be decided before one gets to the issues surrounding the reasonableness of the discharge of a duty. Having already found that Backus owed no duty to Arpaia, there can be no issue of material fact as to its discharge or lack thereof.
Conclusion
For the above stated reasons, the court grants Backus's motion for summary judgment as to count two of the complaint. CT Page 4661
Hurley, J.