[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Adrienne Zona, filed a single count complaint on December 28, 1995, against the defendant, Ocie Rivers. The plaintiff alleges that the defendant was negligent in failing to properly secure his car from theft. The plaintiff further alleges that said failure caused the car to be stolen by an unidentified driver, who caused the automobile to collide with the plaintiff's vehicle. As a result of the collision, the plaintiff sustained physical injuries.
The defendant locked his vehicle and removed the key from the interior of the vehicle, but did not otherwise secure it with a steering wheel restraint system or other security device. The plaintiff alleges that the failure to do so constituted negligence because the car was parked at an "unsafe" location at an "unsafe" time. At the time in question the defendant had parked his vehicle on a public street in New Haven, on a Saturday night, in the summer time, with the intention of leaving the vehicle parked in that location all night.
The defendant filed a motion for summary judgment and a memorandum in support of his motion. The plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment.
"Practice Book § 384, [now Practice Book (1998 Rev.) CT Page 11847 § 17-49], provides summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v.Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975); see also Fogartyv. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984); DiUlio v.Goulet, 2 Conn. App. 701, 703, 483 A.2d 1099 (1984). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment [however] because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The defendant argues that the courts of this state have never found that individuals have a duty to do more than lock and remove the key from the vehicle and absent such a duty, the court should grant the defendant's motion for summary judgment as a matter of law.
In opposition, the plaintiff argues that the facts, as set forth in the complaint, support the allegation that the defendant failed to exercise the care that a reasonably prudent person would exercise under the same circumstances. Therefore, the plaintiff maintains, whether the defendant was negligent is a question of fact which must be decided by the trier of fact.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp. ,232 Conn. 381, 384, 650 A.2d 153 (1994).
"The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand . . . If the court determines, as a matter of law, that a defendant owes no duty to a plaintiff, a verdict should be directed because [i]t is merely reaching more speedily and directly a result which would inevitably be reached CT Page 11848 in the end.'" Castro v. K-Mart Corp. , Superior Court, judicial district of Waterbury, Docket No. 097007 (January 12, 1995,Flynn, J.), quoting Petriello v. Kalman, 215 Conn. 377, 382-83,576 A.2d 474 (1990).
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? . . . Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff." Clohessy v.Bachelor, 237 Conn. 31, 45, 675 A.2d 852 (1996).
"Where there is no duty, there can be no actionable negligence. Unless some relationship exists between the person injured and the defendant, by which the latter owes a duty to the former, there can be no liability for negligence. McDowell v.Federal Tea Co., 128 Conn. 437, 440, 23 A.2d 512 [1941] and cases cited; Prosser, Torts (4th Ed. 1971) 30, 33, 53; 57 Am.Jur.2d, Negligence, 36. Neal v. Shiels, Inc., 166 Conn. 3, 12,347 A.2d 102 (1974)." (Internal quotation marks omitted.)Frankovitch v. Burton, 185 Conn. 14, 20, 440 A.2d 254 (1981).
Connecticut cases have recognized that the owner of a motor vehicle has a duty to use reasonable care to protect persons from the unauthorized use and negligent operation of a stolen vehicle. All of the cases litigated in Connecticut to date have involved the failure by a defendant to lock his vehicle and secure the key in a safe location where a thief would not gain access.[1]
CT Page 11849
The issue of whether the owner of a motor vehicle is liable for the consequences of an accident caused by a thief driving a stolen vehicle even though the key was not left in the ignition switch has been litigated frequently. In many of the cases the key was left in a location in which a thief could easily gain access (i.e. in the glove compartment or under the car mat). For many courts facing this issue, the location where the motorist left the key was the major factor in determining the foreseeability of the harm which resulted.
For example, in Anderson v. Gengras Motors, Inc., supra,141 Conn. 688, the ignition key was left either under the floor mat or on the sun visor of the vehicle in question. The Supreme Court noted that in determining the defendant's negligence, "[t]he [trial] court properly gave weight to the action of the defendant in leaving the plaintiff's car, unlocked and with its ignition key in a place where a thief would undoubtedly look for it, all night on a lot unguarded against thieves and vandals." Id., 691.
Similarly, in Castro v. K-Mart Corp., the court concluded that because the defendant had knowledge that keys to the motor vehicles in its possession and stored in an open lot were sometimes taken by its employees overnight, it could not determine as a matter of law that it was not foreseeable that an accident could result from the unauthorized and negligent use of the motor vehicle in question. Castro v. K-Mart Corp. , supra, Superior Court, Docket No. 097007.
In applying the issue of foreseeability to the present case, the court must determine whether an ordinary person in the defendant's position, knowing what he knew or should have known, would have anticipated that his car would be stolen and that a car accident was likely to result. The present case is distinguishable from the cases discussed above where a duty was found because in the previously discussed cases, it was foreseeable that theft of the vehicle would occur by virtue of the vehicle being left unlocked with the key located where a thief can easily locate it.
Additionally, "[a] simple conclusion that the harm to the plaintiff was foreseeable, . . . cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally `foreseeable,' yet for pragmatic reasons, no recovery is allowed . . . A further inquiry must be made, for we recognize that CT Page 11850 `duty' is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results."Clohessy v. Bachelor, supra, 237 Conn. 456. Imposing a duty to install anti-theft devices such as an alarm system or steering wheel restraint would extend the responsibility of vehicle owners to an uncontrollable degree and is "limited . . . by the realities of this world." Id., 46.
In the present case the defendant locked his vehicle and removed the key from the ignition. The defendant neither left the key in the vehicle nor placed the key in a location where a thief could gain access to it. It was not below the standard of a reasonably prudent person in the defendant's position to conclude that by securely locking his vehicle and maintaining possession of the key, he had secured his vehicle from theft. Because the defendant exercised the degree of care expected of a reasonably prudent person, this court determines as a matter of law that it was not foreseeable that the plaintiff would be injured by the theft and negligent use of the vehicle. Consequently, the defendant owed no duty to the plaintiff and is entitled to judgment in his favor as a matter of law.
The present case does not present any genuine issue of material fact and the defendant is entitled to judgment as a matter of law because the defendant did not have a duty to install an alarm or locking device on the steering wheel of his vehicle. Accordingly, the motion for summary judgment is granted.
Howard F. Zoarski Judge Trial Referee