[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE VERDICT
The instant matter is a "premises liability" case, so called.
The plaintiff alleged that she went upon premises owned and controlled by the defendant and was caused to fall when a porch railing gave way due to its unreasonably dangerous and defective condition.
The plaintiff claimed that her status on the premises was that of an invitee to whom the defendant owed the duty to exercise reasonable care to maintain said premises in a reasonably safe condition. The defendant claimed that the plaintiff was an unknown trespasser to whom under the circumstances the only duty owed to her was to refrain from intentional wilful, wanton conduct. Morin v. Bell Court Condominium Assn, Inc.,223 Conn. 323, 328.
The evidence viewed in a fashion most favorable to the plaintiff was:
(1) That she was engaged as a part-time hair dresser;
 (2) That she received a telephone call from an individual whose name was "Mary," a person unknown to her, to arrange for the plaintiff to pick her up at a grey house on Wolcott Street, New Haven, Connecticut (no street address was given) and return to plaintiff's home for the purpose of dressing her hair;
 (3) That at 2:30 to 3:00 A.M. she ascended stairs leading to the front door of the involved premises and rang a bell to which there was no response; and
 (4) That upon turning away she came in contact with a porch railing which collapsed causing her to fall to the ground.
There was no evidence that "Mary" was a tenant or occupant of the premises nor did she have any authority from the defendant to invite the plaintiff to visit the premises at 2:30 to 3:00 A.M. There was no porch light lighted.
There was no evidence that the premises were in fact occupied.
As to one who comes upon the property of another, the owner owes differing duties depending upon the legal status of said individual. As stated above, the plaintiff claimed she was an invitee. An invitee is one who is expressly or impliedly invited to go upon the premises of another CT Page 15763 in control thereof.
In the instant matter there was no evidence that the plaintiff was invited to enter said premises at 2:30 to 3:00 A.M. by invitation of the owner, his authorized representative or a tenant.
The plaintiff has the burden of establishing the essential elements of her cause of action which in this instance would be her status, the duty triggered thereby and the negligent breach thereof. Morin v. Bell CourtCondominium Assn. Ltd., supra 328 et seq.
There was no evidence from which the jury could conclude that the plaintiff's status was other than that of an unknown trespasser as to whom there was no breach of the limited duty owed to one so situated.
Further there was no evidence establishing "notice" of the alleged defect and a reasonable opportunity thereafter to remedy.
The plaintiff argues that the Housing Code which imposes certain duties on a landlord was violated. In order to assert such a claim one must be a member of the class for whose protection the Code was enacted which the plaintiff has failed to establish. Panaroni v. Johnson, 158 Conn. 90,101. Coughlin v. Peters, 153 Conn. 99, 101.
ORDER: Motion denied.
By The Court
John C. Flanagan, Judge