DRIVE-IN AND SHOP, INC. *v.* REDEVELOPMENT AGENCY
OF THE CITY OF NORWICH

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 28351

Memorandum filed May 15, 1963

*Gilman, Jacobson, Laudone & Dutton,* of Norwich, for the plaintiff.

*Geurson D. Silverberg,* of Norwich, for the defendant.

HOUSE, J. The only question presented by the present proceeding is the proper taxation of costs. The appellant has presented a bill of costs which totals $2216.40. No question is raised as to any item except the one "Appraiser — David C. Mahoney Co., Inc.—$2,100.00." The appellant claims that this is a proper element of costs. The claim is contested by the redevelopment agency.

Appellant's right to costs arises from the provisions of § 8-133 of the General Statutes, which provides that if an applicant obtains an award from

the court greater than the amount determined as compensation by the redevelopment agency, then "costs of court" shall be awarded to the applicant and taxed against the agency in addition to the amount fixed by the judgment.

Costs are the creature of statute, and unless the statute clearly provides for them courts cannot tax them. *Waterbury* v. *Macken,* 100 Conn. 407, 413; *Lew* v. *Bray,* 81 Conn. 213, 217; *Condon* v. *Pomroy-Grace,* 73 Conn. 607, 614; see Maltbie, Conn. App. Proc. § 357. The term "costs of court" has "a known technical meaning, as well understood by lawyers as the term *suit* or *prosecution.*" *Norwich* v. *Hyde,* 7 Conn. 529, 534. The allowable fees of parties in civil actions are set out in § 52-257 of the General Statutes, and the only allowable costs for a real estate expert are "not exceeding" $50, paid for an expert on the value of land in an action "affecting the title to real estate." This has been denied as costs in an appeal from a real estate tax assessment. *Cohn* v. *Hartford,* 9 Conn. Sup. 425, 427. In the present case, however, it appearing that the title to the real estate in question was taken by the redevelopment agency by eminent domain proceedings, the allowance of the statutory $50 fee is proper.

The statutory provisions concerning appeals from condemnation actions in highway and natural gas pipeline cases confirm the opinion of the court that appraisal costs in the present action must be limited to the $50 provided for in § 52-257. In the case of property taken by the highway commissioner, the statutes expressly allow reasonable appraisal fees in addition to "costs of court." General Statutes §§ 13-150, 13-151. Section 16-266 also allows the taxation of reasonable attorney and appraisal fees in natural gas pipeline cases in addi-

tion to costs. The express addition of appraisal fees in these two situations makes the omission of reference to appraisal fees in the case of redevelopment agencies all the more significant.

It must be concluded that the appellant is entitled as a "cost of court" to reimbursement of $50 for the services of its appraiser, and the bill of costs as submitted and dated February 7, 1963, is approved except that the item of $2100 for appraiser is corrected to read $50 with a corresponding reduction in the total costs.