LEONARD V. VERRASTRO *v.* ROLF SIVERTSEN*

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, JS.

* This case was the first appeal argued before this court under recently promulgated "cameras in the court rules." See Code of Judicial Conduct, Canon 3 A (7) (A).

Argued June 1—decision released August 24, 1982

*Rocco R. P. Perna,* for the appellant (plaintiff).

*Dennis M. Laccavole,* with whom, on the brief, was *Peter J. Ottomano,* for the appellee (defendant).

ARTHUR H. HEALEY, J. This appeal arises from the Superior Court's denial of four items contained in the plaintiff's substituted bill of costs. The underlying action involved a suit for damages to the plaintiff's automobile which were sustained in an accident with the defendant's automobile on November 25, 1973. The complaint was filed in November, 1975, seeking $12,000 in damages. On February 1, 1979, the defendant filed an offer of judgment in the amount of $3044.21, which the plaintiff rejected. On January 30, 1980, the plaintiff received a jury verdict of $3044.21 in damages, plus $1317.10 in interest, for a total of $4361.31.

Subsequently, the plaintiff filed a substituted bill of costs with the clerk's office in which he sought,

among other things, the costs for three appraisers who assessed and testified to the damages to his automobile and his attorney's fees of $350. These items were denied by the assistant clerk. This decision was upheld by the Superior Court upon appeal.[1] The Superior Court ruled that pursuant to General Statutes §§ 52-257 (a)[2] and 52-260 (f),[3] costs were limited to those fees incurred for testimony of an expert on the value of land or an appraiser of real estate. It also ruled that the costs for attorney's fees were precluded under General Statutes

[1] Both parties appealed from the clerk's decision. The plaintiff claimed error in the denial of his costs for motor vehicle reports, subpoenas, expert and appraiser fees and attorney's fees. The defendant claimed error in the denial of his costs for the trial of an issue of fact; Practice Book § 344; and in the granting of costs to the plaintiff for the trial of an issue of fact. Ibid.

[2] General Statutes § 52-257 (a) provides in pertinent part: "FEES OF PARTIES IN CIVIL ACTIONS. (a) The fees of parties in civil actions where the matter in demand is not less than seven thousand five hundred dollars shall be: For each complaint, exclusive of signing and bond, five dollars for the first page and, for each succeeding page, two dollars; for each judgment file, two dollars for the first page and, for each additional page, one dollar and fifty cents. The prevailing party in any such civil action shall receive, by way of indemnity, the following sums: For all proceedings before trial, fifty dollars; for the trial of an issue of law or fact, seventy-five dollars, but if more than one issue of fact is tried at one time, only one trial fee shall be allowed. In difficult or extraordinary cases in the superior court, where a defense has been interposed, the court may, in its discretion, make a further allowance to the prevailing party, not to exceed two hundred dollars. . . ."

[3] General Statutes § 52-260 (f) provides: "(f) When any practitioner of the healing arts as defined in section 20-1, dentist or real estate appraiser is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to such practitioner of the healing arts, dentist or real estate appraiser and taxed as part of the costs in lieu of all other witness fees payable to such practitioner of the healing arts, dentist or real estate appraiser."

§ 52-195[4] as amended by Public Acts 1979, No. 79-250, § 2. It interpreted that portion of the statute which states "[s]uch costs may include reasonable attorney's fees . . ." as referring only to the award of a defendant's attorney's fees by way of costs in situations where the plaintiff's verdict is less than the defendant's offer of judgment.

The plaintiff has raised two issues on appeal.[5] First, he claims that the Superior Court erred in its interpretation of General Statutes § 52-257. His position in this regard is that that statute provides an independent basis for awarding appraisal fees in cases where real estate appraisers are not involved. As the basis for this contention, he cites the portion of § 52-257 which provides that "[i]n *difficult* or *extraordinary* cases in the superior court . . . the court may, in its discretion, make a further allowance to the prevailing party, not to exceed two

---

[4] General Statutes § 52-195 provides: "OFFER NOT ACCEPTED. COSTS. If the plaintiff does not, within said time and before the commencement of the trial, file his notice of acceptance, such offer shall be deemed to be withdrawn and shall not be given in evidence; and the plaintiff, unless he recovers more than the sum named in such offer, with interest from its date, shall recover no costs accruing after he received notice of the filing of such offer, but shall pay the defendant's costs accruing after said time. Such costs may include reasonable attorney's fees in an amount not to exceed three hundred fifty dollars. Nothing in this section shall be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action. The provisions of this section shall not apply to cases in which nominal damages have been assessed upon a hearing after a default or after a demurrer has been overruled."

[5] Although the defendant appellee filed a preliminary statement of issues presenting an issue which, he maintained, served as an alternative ground upon which the taxation of costs could be affirmed, he has not briefed or argued this claim and it is therefore considered abandoned. See *Hartford National Bank & Trust Co.* v. *Tucker*, 178 Conn. 472, 475, 423 A.2d 141 (1979).

hundred dollars." (Emphasis added.) The plaintiff claims that this is a "difficult or extraordinary" case which would justify such an award of costs. The plaintiff also takes issue with the Superior Court's interpretation of the language of General Statutes § 52-195. His claim is that the portion of that statute which provides that "[s]uch costs may include reasonable attorney's fees in an amount not to exceed three hundred fifty dollars" is applicable to both plaintiffs and defendants.

The first issue we address is the plaintiff's claim for real estate appraisers' and experts' fees. "Costs are the creature of statute . . . and unless the statute clearly provides for them courts cannot tax them." *Waterbury* v. *Macken,* 100 Conn. 407, 413, 124 A. 5 (1924), appeal dismissed, 273 U.S. 646, 47 S. Ct. 244, 71 L. Ed. 820 (1926) ; see also *Stradmore Development Corporation* v. *Commissioner of Transportation,* 173 Conn. 112, 119, 376 A.2d 1095 (1977) ; *Bissing* v. *Turkington,* 113 Conn. 737, 739, 157 A. 226 (1931) ; *Lew* v. *Bray,* 81 Conn. 213, 217, 70 A. 628 (1908) ; *Hartford* v. *Public Utilities Commission,* 30 Conn. Sup. 244, 251, 309 A.2d 844 (1973) ; *Drive In & Shop, Inc.* v. *Redevelopment Agency,* 24 Conn. Sup. 390, 391, 191 A.2d 345 (1963) ; 3 Sutherland, Statutory Construction (4th Ed. Sands) § 67.09. In the present action, the statute pursuant to which the plaintiff is seeking his costs for appraisal fees; General Statutes § 52-257; explicitly states that "[i]n difficult or extraordinary cases in the superior court . . . the court may, in its discretion, make a further allowance to the prevailing party . . . ." A plain reading of this provision of the statute indicates that it is for the trial court, in the first instance, to determine in its discretion whether a particular case is "difficult or extraordinary" and,

therefore, one warranting a further allowance of two hundred dollars to the prevailing party. A review of the record in this case reveals that the first time that the plaintiff raised the issue that this case was "difficult or extraordinary" was in his oral argument before the Superior Court upon appeal from the clerk's denial of costs for appraisal fees.[6]

Pursuant to Practice Book § 3063, this court is not bound to consider any claim of error unless it was distinctly raised and decided by the trial court. *State* v. *Packard,* 184 Conn. 258, 271, 439 A.2d 983 (1981); *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 377, 439 A.2d 396 (1981); *New Haven Savings Bank* v. *Valley Investors,* 174 Conn. 77, 84, 384 A.2d 321 (1977). Moreover, the plaintiff has not included this claim in his preliminary statement of issues as required by our rules of practice. Practice Book § 3012 (a); see *Presutti* v. *Presutti,* 181 Conn. 622, 626, 436 A.2d 299 (1980). Under the circumstances, this claim is not properly before us and will not be considered. Practice Book § 3063.

The second issue raised by the plaintiff is that the Superior Court erred in not awarding him attorney's fees pursuant to General Statutes § 52-195.

---

[6] At oral argument before this court, the plaintiff alleged that he had also raised the issue in the brief that he had submitted to the clerk of the Superior Court, which he had designated for inclusion in the record. Although this brief was included in the designation of contents of the record on appeal to this court, the brief itself was omitted from the printed record. The plaintiff failed to file a motion to rectify the trial court record pursuant to Practice Book §§ 3082 and 3096 (5). We also note that the plaintiff has not set out this issue in his preliminary statement of issues. Moreover, nowhere in his brief does he give any citation to the transcript where he claims to have made this claim before the trial court. Practice Book § 3060F (b).

That statute provides, in pertinent part, that "the plaintiff, unless he recovers more than the sum named in [the defendant's Offer of Judgment], with interest from its date, shall recover no costs accruing after he received notice of the filing of such offer, but shall pay the defendant's costs accruing after said time. Such costs may include reasonable attorney's fees in an amount not to exceed three hundred fifty dollars." The determinative issue for the purpose of this appeal is whether the sentence beginning with the phrase "[s]uch costs may include reasonable attorney's fees," modifies only the term "the defendant's costs" in the immediately preceding clause in the statute, or whether it implies that the plaintiff may also receive costs when he recovers more than the defendant's offer of judgment. Pursuant to the former interpretation, which was adopted by the trial court, the only party entitled to attorney's fees under this statute would be a defendant who has submitted an offer of judgment which was rejected by the plaintiff and which offer was eventually determined to be greater than the judgment awarded by the trier of fact, with interest accruing from the date of the offer.

The plaintiff claims that the portion of the statute concerning attorney's fees modifies the entire sentence immediately preceding it, and not just the preceding clause dealing with the defendant's costs. Adopting this position would allow a plaintiff to be eligible for attorney's fees in any case where a defendant has made an offer of judgment that the plaintiff has rejected which turns out to be less than the judgment awarded by the trier of fact. We hold, to the contrary, that the trial court's interpretation of § 52-195 was correct.

A fundamental tenet of statutory construction is that "statutes are to be construed to give effect to the apparent intention of the lawmaking body." *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 6, 434 A.2d 293 (1980); see also *State* v. *Campbell,* 180 Conn. 557, 561, 429 A.2d 960 (1980); *Green* v. *Warden,* 178 Conn. 634, 638, 425 A.2d 128 (1979); *Bell* v. *Planning & Zoning Commission,* 173 Conn. 223, 226, 377 A.2d 299 (1977); *McAdams* v. *Barbieri,* 143 Conn. 405, 415–16, 123 A.2d 182 (1956). Where the words of a statute are clear, the task of a reviewing court is merely to apply the directive of the legislature since "where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended but what intention it expressed by the words that it used." *Robinson* v. *Unemployment Security Board of Review,* supra, 6; see also *Doe* v. *Institute of Living, Inc.,* 175 Conn. 49, 68, 392 A.2d 491 (1978) (*Bogdanski, J.,* dissenting); *Eason* v. *Welfare Commissioner,* 171 Conn. 630, 634, 370 A.2d 1082 (1976), cert. denied sub nom. *Eason* v. *Maloney,* 432 U.S. 907, 97 S. Ct. 2953, 53 L. Ed. 2d 1079 (1977); *Sillman* v. *Sillman,* 168 Conn. 144, 147, 358 A.2d 150 (1975); *Connecticut Light & Power Co.* v. *Walsh,* 134 Conn. 295, 301, 57 A.2d 128 (1948); 2A Sutherland, Statutory Construction (4th Ed. Sands) § 45.05.

The intent of the statute in question is not immediately apparent from its language since the term "[s]uch costs" could possibly apply to both plaintiffs' *and* defendants' costs. "When two constructions are possible, courts will adopt the one which makes the statute effective and workable . . . ." *Muller* v. *Town Plan & Zoning Commission,* 145

Conn. 325, 331, 142 A.2d 524 (1958); see also *Stoni* v. *Wasicki,* 179 Conn. 372, 376, 426 A.2d 774 (1979); *Kron* v. *Thelen,* 178 Conn. 189, 192, 423 A.2d 857 (1979); *Kellems* v. *Brown,* 163 Conn. 478, 506, 313 A.2d 53 (1972), appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 (1973). "A statute should be construed so that no word, phrase or clause will be rendered meaningless. *Robinson* v. *Unemployment Security Board of Review,* [supra, 7]; *State ex rel. Kennedy* v. *Frauwirth,* 167 Conn. 165, 168, 355 A.2d 39 [1974]." *C. White & Son, Inc.* v. *Rocky Hill,* 181 Conn. 114, 122, 434 A.2d 949 (1980). The factors that this court looks to in construing a statute include "its legislative history, its language, the purpose it is to serve, and the circumstances surrounding its enactment." *Robinson* v. *Unemployment Security Board of Review,* supra, 8; see also *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 446 A.2d 1059 (1982); *Board of Education* v. *State Board of Education,* 179 Conn. 694, 700n, 427 A.2d 846 (1980); *Anderson* v. *Ludgin,* 175 Conn. 545, 552, 400 A.2d 712 (1978); *Schwarzschild* v. *Binsse,* 170 Conn. 212, 216, 365 A.2d 1195 (1976).

We have had occasion to interpret the word "such." *LaProvidenza* v. *State Employees' Retirement Commission,* 178 Conn. 23, 27–28, 420 A.2d 905 (1979); *Bahre* v. *Hogbloom,* 162 Conn. 549, 555–56, 295 A.2d 547 (1972); *Great Atlantic & Pacific Tea Co.* v. *Katona,* 151 Conn. 417, 419–20, 198 A.2d 711 (1964). In each instance, this court indicated that it could not rely solely on the dictionary meaning of the word outside of the context of the statute.[7] *LaProvidenza* v. *State Employees' Retirement Com-*

[7] The common definition of the word "such" includes "having a quality already . . . specified . . . of the sort . . . previously indicated or implied . . . previously characterized or specified"; and "AFOREMENTIONED." Webster, Third New International Dictionary.

*mission,* supra, 28; *Bahre* v. *Hogbloom,* supra, 556; *Great Atlantic & Pacific Tea Co.* v. *Katona,* supra, 420; see also *Wrinn* v. *Dunleavy,* 186 Conn. 125, 137, 440 A.2d 261 (1982). This concern is particularly relevant here, since the issue is not whether the term is used to modify a portion of the statute "already specified," but which portion: the immediately preceding clause or the whole preceding sentence.[8]

The words of the statute read as a whole, however, do shed light on the issue. Nowhere is there any affirmative language referring to the award of the plaintiff's costs. Rather, the statute describes the circumstances in which a plaintiff *cannot* recover costs. In contrast, the statute does affirmatively set forth the circumstances when the plaintiff "shall pay" the defendant's costs. This distinction must be compared with the provisions for costs set forth in General Statutes § 52-192a (b) which also deals with the awarding of attorney's fees after a rejection of an offer of judgment. "[W]here there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them concurrent effect." *Budkofsky* v. *Commissioner of Motor Vehicles,* 177 Conn. 588, 592, 419 A.2d 333 (1979); see also *Frazier* v. *Manson,* 176 Conn. 638, 642–43, 410 A.2d 475 (1979); *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 621, 363 A.2d 1038 (1975); *Taminski* v. *Administrator,* 168 Conn. 324, 328, 362 A.2d 868 (1975).

Section 52-192a (b) provides in pertinent part: "If the court ascertains from the record that the plaintiff has recovered an amount equal to or

---

[8] The whole preceding sentence is the very first sentence of the statute.

greater than the sum certain stated in his 'offer of judgment,' the court . . . may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars . . . ." Unlike § 52-195, this statute does make an affirmative provision for the plaintiff's attorney's fees. The implication of this legislative scheme is that the legislature intended § 52-192a (b) to govern the plaintiff's attorney's fees, while § 52-195 governs the defendant's attorney's fees when the opposing party has rejected a reasonable offer of judgment.

That this was the intended legislative scheme becomes clearer when considering the purpose behind the two statutes and the circumstances surrounding their enactment. Both statutes, as they currently exist, had their genesis in Public Acts 1979, No. 79-250, entitled "An Act Concerning Attorney's Fees in Cases Where the Judgment Exceeds the Offer." The history of the bill indicates that the stated legislative intent was "to provide an incentive for both parties to bargain reasonably and in good faith and to settle close cases . . .";[9] 22 H. R. Proc., Pt. 5, 1979 Sess., p. 1683; thereby reducing the delay in civil jury cases. Id.; see also 22 S. Proc., Pt. 3, 1979 Sess., p. 944 ("[T]his type of legislation would hopefully . . . unclog the congested docket."). The incentive to settle is provided by an award of attorney's fees to the "offeror" party if the opposing party rejected a reasonable offer of

[9] We have recently noted that "[i]n construing a statute and determining the legislative intent, we may take judicial notice of the discussions on the floor of the General Assembly although such discussions are not controlling on statutory interpretation." *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 391 n.5, 446 A.2d 1059 (1982); see *Tax Commissioner* v. *Estate of Bissell,* 173 Conn. 232, 245, 377 A.2d 305 (1977); *Miller* v. *Board of Education,* 166 Conn. 189, 194, 348 A.2d 584 (1974); *Harris* v. *Planning Commission,* 151 Conn. 95, 100, 193 A.2d 499 (1963).

judgment made by that "offeror." 22 S. Proc., Pt. 3, 1979 Sess., p. 944; 22 S. Proc., Pt. 4, 1979 Sess., pp. 1281–82; 22 H. R. Proc., Pt. 5, 1979 Sess., p. 1683. This history is consistent with the legislative scheme whereby General Statutes § 52-192a (b) governs offers of judgment made by plaintiffs and § 52-195 governs offers made by defendants. In other words, for a plaintiff to recover attorney's fees, he has an affirmative obligation pursuant to § 52-192a (b) to make a reasonable offer of judgment which must then be rejected by the defendant. Contrary to the plaintiff's contention in this case, it is not enough for a plaintiff merely to reject an unreasonable offer of judgment made by the defendant and then expect to recover attorney's fees pursuant to General Statutes § 52-195. To reward the plaintiff in this latter situation would be to impose absolutely no burden on that party to bargain in good faith. This would be contrary to the intent and purposes of this legislation.[10]

In summation, we find that the statutory language and scheme, as well as the legislative intent and history, lead to the same conclusion. We hold that the phrase contained in General Statutes § 52-195, which states "[s]uch costs may include reasonable

[10] In his brief, the plaintiff cites to a number of comments by legislators to the effect that "[t]he bill . . . provides . . . a civil action." 22 H. R. Proc., Pt. 5, 1979 Sess., p. 1682; see also 22 S. Proc., Pt. 3, 1979 Sess., p. 944. These comments would be more persuasive if the act in question; Public Acts 1979, No. 79-250; had only amended General Statutes § 52-195. However, this was not the case. General Statutes § 52-192a (b) makes no reference to the recovery of defendant's attorney's fees. Yet the end result of the plaintiff's interpretation of the legislative history would be that since there are references to both plaintiff's and defendant's attorney's fees in that history, both § 52-192a (b) and § 52-195 would award attorney's fees to the defendant. This would clearly be contrary to the language of § 52-192a (b) which has absolutely no provision for the award of defendant's attorney's fees.

attorney's fees," modifies only the term "defendant's costs" in the immediately preceding clause of the statute. Therefore, the plaintiff cannot recover costs for attorney's fees under § 52-195 where he has obtained a judgment from the court that is greater than the amount stated in the defendant's offer of judgment which the plaintiff rejected.

There is no error.

In this opinion the other judges concurred.