[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: AMOUNT OF PRIORITY LIEN
The specific issue before the court is the amount of the "super" lien to which the plaintiff, Harbour Landing Condominium Association ("Association"), is entitled to pursuant to 47-258 of our General Statutes.
The Bank of Boston Connecticut ("Bank") objects to the inclusion of attorney's fees and costs in the total of the Association's lien which has priority over the Bank's interest, and which the Bank must pay to redeem the property on its law day, pursuant to General Statutes 47-258. The plaintiff argues that pursuant to the provisions of General Statutes 47-258, as amended, it is entitled to a lien which has priority over the Bank's interest in the amount of $3,518.20, consisting of $1,768.20, representing six months of common expense assessments, and $1,750.00, the Association's attorney's fees and costs in enforcing the lien. The Bank claims that the maximum amount of the priority to which the Association is entitled is $1,768.20, an amount equal to six months of common expense assessments.
There is currently no caselaw at either the Superior Court or appellate level which might provide this court with guidance in interpreting 47-258 and the effect of its recent amendments. The legislative history of the amendments reveals nothing regarding the intent of the legislature in enacting those amendments.
The parties have thoroughly briefed the issue. In light of the plain language of the relevant portions of the statute, and the general rules of interpretation which guide the court, collected in Sanzone v. Board of Police Commissioners, 219 Conn. 179
(1991), I find the reasoning of the plaintiff persuasive.
The plaintiff argues that the statute, as amended, is "clear on its face." The plaintiff claims that the addition of the sentence following the new subparagraph (B), "is a mathematical limitation of the `six-month' priority to six months of common charge assessments whether the claim be for assessments or fines or other items allowed by 47-258 (a)," and that it modifies and interprets subparagraph (A) of 47-258 (b), not subparagraph (B). The plaintiff further claims that "[t]o read the sentence otherwise renders subsection [sic] (b) of 47-258 (b)'s allowance of attorney's fees and costs a nullity." I agree. This, the court cannot do.
"When construing a statute, we do not interpret some clauses in a manner that nullifies others, but rather `read the statute as a whole and so as to reconcile all parts as far as possible.'" Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 241,558 A.2d 986 (1989). (Citations omitted). "A statute should be construed so that no word, phrase or clause will be rendered CT Page 194 meaningless." Verrastro v. Sivertsen, 188 Conn. 213, 221,448 A.2d 1344 (1982). (Citations omitted).
Contrary to the Bank's claim, a construction of 47-258 (b) to include attorney's fees and costs in the amount of the lien which has priority over first and second security interests does not render the sentence immediately following subdivision (B) meaningless. The sentence following subparagraph (B) does not relate to the sentence immediately preceding it, but rather limits the amount of the priority in relation to "all other liens and encumbrances" to six months of common expense assessments.
The amendment of 47-258(b) to state that the lien is prior to all security interests described in subdivision (2) to the extent of (A) an amount equal to six months of common expense assessments and (B) the association's costs and attorney's fees in enforcing its lien, clearly indicates an intent on the part of the legislature that the lien include the Association's costs and attorney's fees in addition to an amount equal to six months of common expense assessments.
In finding the plaintiffs' reasoning persuasive, the court is not unmindful of the legislative intent clearly expressed in 47-258
(g) that "A judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party."
The Bank cites no authority for its interpretation of subsection (a) of 47-258 to include, as assessments, attorney's fees and costs in enforcing its lien. Section 47-258 (a) provides that "fees, charges, late charges, fines and interest charged pursuant to subdivisions (10), (11) and (12) of subsection (A) of section 47-244 are enforceable as assessments under this section." The provisions of 47-244 (a)(10), (11) and (12) do not encompass attorney's fees and costs in enforcing the statutory lien created by 47-258 (a), and indeed could not, since attorney's fees and costs in enforcing the lien would not be incurred until after a lien has been created as a result of the delinquency of the unit owner in paying any assessment. The Bank's assumption that attorney's fees and costs are already included as part of the lien created by 47-258 (a) is erroneous.
Furthermore, the final sentence of 47-2589b) is construed as a reminder that although the Association has a lien which is prior to all other liens and encumbrances except those listed in an amount not to exceed six months of common expense assessments, the Association also will most likely have a lien for other fines or assessments exceeding the amount provided for in 47-258 (b), and the priority of that lien for the excess amount will be unaffected by the provisions of 47-258. CT Page 195
Section 47-258 (b), as amended, can be reasonably construed so that no word, phrase or sentence is rendered meaningless. Such a construction requires that an association's lien be given priority, over a first mortgage holder to the extent of six months of common expense assessments and the association's costs and attorney's fees. Therefore, the Association's lien is entitled to priority over the Bank's interest to the extent of $3,518.20.
JOSEPH A. LICARI, JR., JUDGE