[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 7028
The defendants have moved to strike from the complaint all claims of relief purported to be afforded by the Connecticut Unfair Trade Practices Act (CUTPA) because the allegations of the complaint are legally insufficient to sustain such claims. At issue are the following claims:
 c. Punitive damages pursuant to Connecticut General Statutes 42-110b et seq.;
 d. Costs and reasonable Attorney's fees pursuant to Connecticut General Statutes 42-110g.
The four-count complaint alleges that the plaintiff leased a milling machine to Pratt and Whitney Company, Inc., of which the defendants were officers. It is further alleged that the defendants caused the machine to be dismantled and certain parts sold, in violation of the lease agreement. The company subsequently filed for bankruptcy and the plaintiff alleges that the defendants knew, or should have known, that they would not be able to replace those parts of the machine which were sold. The second count of the complaint alleges a CUTPA violation in that defendants' actions constituted "unfair and deceptive acts and practices."
The purpose of a motion to strike "is to test the legal sufficiency of a pleading . . . [and the motion] like a demurrer, admits all facts well pleaded . . . [which if] provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail.'" Ferryman v. Groton,212 Conn. 138, 142 (1989). "The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
General Statutes 42-110(b)(a) state that "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. The words "trade or commerce" are defined in 42-110a(4) as:
 The advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.
Whether that statutory definition focuses exclusively on the supply side of a commercial relationship and, as a result, the CT Page 7029 act may only be invoked against a supplier of goods and services by a consumer, is a precise issue apparently not yet decided on appeal.
Although a split in opinion seems to exist at the trial level, it is more apparent than real. No decision has been submitted wherein a court has denied the fact that the legislature enacted CUTPA as remedial legislation for the protection of the consumer. It is an essential allegation of a CUTPA claim that the plaintiff is a consumer or a competitor of the defendant. See, Sherman v. Neurological Surgeons, P.C.,3 CSCR 395 (1988). Also, Connecticut National Bank v. DiCocco,2 CTLR 236, 238 (1990), wherein the court stated:
 While CUTPA is remedial legislation, it is focused on consumer protection. The statutory terms in the Act, "trade" and "commerce", in our opinion, are plain and unambiguous and should be construed as they facially indicate. Kelemen v. Rimrock Corporation, 207 Conn. 599, 606 (1988); Verrastro v. Sivertsen, 188 Conn. 213, 220
(1982) . . . the bank essentially complains . . . [that] what these two defendants, as individuals and bank customers have done is to commit a theft; a conversion; or a fraudulent conversion; and have then alleged a conclusory claim that this conduct also constitutes a CUTPA violation. That pleading-architecture is legally insufficient.
The language setting forth CUTPA is clear and unambiguous, thereby negating any logical need for interpretation. The clarity of language evidences the statutory purpose to afford consumers protection from unfair methods of competition and from unfair or deceptive acts or practices in the conduct of any trade or commerce. While reasonable discourse may, from time to time, be held as to the inclusiveness of the class "consumers", the court is unaware of any dispute regarding the purpose of the CUTPA legislation.
The plaintiff does not purport to be either a consumer or a competitor of the defendants in any of the allegations of the complaint. It therefore cannot demand the benefit of claims requiring a statutory predicate. Accordingly, the motion to strike is granted.
BY THE COURT LEANDER C. GRAY, JUDGE CT Page 7030