[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 25, 1994, the plaintiff, Brett March, filed a three count second amended complaint against the defendant, Aetna Insurance Company, alleging statutory subrogation pursuant to General Statutes § 38a-321 under a Homeowner's Policy, under an Umbrella Policy and breach of the covenant of good faith and fair dealing. March had recovered a stipulated judgment from the insured tortfeasor, and Aetna refused to pay the stipulated judgment.
Aetna filed a motion to strike count three of the plaintiff's second amended complaint, and the plaintiff's prayer for punitive damages. Aetna argues that General Statutes § 38a-321 does not provide March with a right to assert a claim for breach of the covenant of good faith and fair dealing in order to recover for alleged personal injury to the insured.
Alternatively, Aetna argues that the third count does not allege facts sufficient to support a claim for breach of the covenant of good faith and fair dealing. March filed a memorandum in opposition to the motion to strike, and Aetna filed a reply memorandum.
A motion to strike tests the legal sufficiency of a pleading. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court is limited to the facts in the complaint, and those facts are construed most favorably to the plaintiff. Id., 215. The motion admits all well pleaded facts, but does not admit legal conclusions or opinions. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
Aetna first argues that March cannot allege a claim for injury to the insured's credit rating as a subrogee under General Statutes § 38a-321. General Statutes § 38a-321 provides in relevant part:
 Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or CT Page 4734 executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.
"Under common law a cause of action for personal injuries cannot be assigned, and in the absence of a statutory provision to the contrary a right of action for personal injuries resulting from negligence is not assignable before judgment."Berlinski v. Ovellette, 164 Conn. 482, 485,325 A.2d 239 (1973). March argues that since it is subrogated to "all the rights" of the insured, a personal injury claim is contemplated and authorized by the statute.
However, no language is to be ignored. "A statute should be construed so that no word, phrase or clause will be rendered meaningless." Verrastor v. Siversten, 188 Conn. 213,221, 448 A.2d 1344 (1982). The clear language of the statute dictates that the subrogation action is treated as though "such defendant [insured] paid such judgment." General Statutes § 38a-321. If the insured in the present case had paid the judgment, his credit rating would not have been harmed. If the insured had paid the judgment, he would not have a cause of action against Aetna for damage to his credit rating.
"A party subrogated to the rights of an assured under [§ 38a-321] obtains no different or greater rights against the insurer than the insured possesses and is equally subject to any defense the insurer may have against the assured under the policy." Therefore, since the insured would not have a claim for damages to his credit rating, March cannot maintain such a claim.
The legislative intent further supports this result. "[T]he legislature's purpose in enacting the `direct action' CT Page 4735 statute was to remedy `[t]he unfairness to the assured of contracts of insurance' with provisions that the insurer should be liable only in cases where the assured had actually paid a judgment obtained against him. . . . The intention of the Act is to give the injured person the same rights under the policy as the assured." (Emphasis added.) Brown v. Employer's ReinsuranceCorporation, 206 Conn. 668, 672, 539 A.2d 138 (1988). The purpose is not to give injured persons additional claims beyond what the insured could maintain under the policy.
Additionally, the stipulated judgment between March and the insured, having been reached before Aetna's refusal to pay, does not include personal injury damages for credit rating harm. Therefore, there has been no "recovery of a final judgment" for that particular personal injury claim, as required by General Statutes § 38a-321.
Because the court finds that General Statutes § 38a-321
does not provide the plaintiff with a cause of action for damages arising from credit rating injuries, it is unnecessary to address Aetna's arguments concerning both the alternative ground for the motion to strike, and the prayer for punitive damages as to count three. Aetna's motion to strike count three of the plaintiff's second amended complaint is granted.
JULIUS J. KREMSKI STATE TRIAL REFEREE