[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS AND PLAINTIFF'S MOTION FOR JUDGMENT AND INTEREST PURSUANT TO OFFER OF JUDGMENT
On April 24, 1998, the jury returned a verdict for the defendant, Maria DeSilva against the plaintiff, Donald Hawks, III. On July 27, 1998, the defendant filed with the court her bill of costs. The defendant claims recovery of costs under §§52-257(a)(1), (a)(2), (b)(2), (b)(9) and (b)(6) and Practice Book § 407 et seq., now Practice Book (1998 Rev.) § 18-1
et seq. On July 28, 1998, the plaintiff filed an objection to the defendant's bill of costs.
The plaintiff argues that the defendant's bill of costs should be denied because it was filed on July 27, 1998, three months after the jury verdict for the defendant. The plaintiff contends that the defendant's bill of costs has been filed in an untimely manner because the defendant had sufficient time to file her bill of costs and she failed to do so.
Connecticut General Statutes § 52-257 enumerates the costs parties in civil actions may recover. This section, CT Page 677 however, does not provide a time period in which to file for recovery of the enumerated costs.[1]
In addition, Practice Book § 412, now Practice Book (1998 Rev.) § 18-5, provides in relevant part: "(a) Costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs provided that no objection is filed. If a written objection is filed within the fourteen day period, notice shall be given by the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk."
"[T]here [is] no time limit placed upon the filing of a bill of costs. Practice Book [§] 412 sets forth the procedure by which a party may obtain costs; however, there was no mention of timeliness with which the party must act . . . There must be some guideline to follow, and it appears that the guideline is a reasonable time after the verdict or the completion of all proceedings. Such a decision can be made by the court on an ad hoc basis." Wakeman v. Oral Maxillofacial Surgeons, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 022415, 7 CONN. L. RPTR. 539 (November 27, 1992) (McGrath, J.) "It is well settled that the decision to award attorney's fees and other costs rests solely with the trial court." McDonald v. Rowe,43 Conn. App. 39, 42, 682 A.2d 542 (1996), citing Labenski v. Goldberg, 41 Conn. App. 866, 871,678 A.2d 496, cert. denied, 239 Conn. 910, 682 A.2d 1002 (1996). See alsoBarinskas v. Department of Social Services, 240 Conn. 141, 154,691 A.2d 586 (997); Youngquist v. Freedom of InformationCommission, 51 Conn. App. 96, 98, (1998).
The Connecticut Appellate Court has held that a prevailing party has a reasonable time after the entering of the final judgment to file a motion for attorneys fees and costs under Connecticut General Statutes § 4-184a and that it is within the trial court's discretion whether such motion was filed within a reasonable time.[2] See Oakley v. Commission on Human Rightsand Opportunities, 38 Conn. App. 506, 662 A.2d 137 (1995), aff'd,237 Conn. 28, 675 A.2d 851 (1996) (five months was a reasonable time); Mulligan v. Rioux, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 336554 (October 10, 1996) (Lavine, J.) (Motion for 42 U.S.C. § 1988 attorney's CT Page 678 fees, which is comparable to C.G.S. § 4-184a, filed as part of plaintiff's bill of costs within weeks of final judgment entered after appeals was timely).
The prevailing party has a reasonable time after the verdict in which to file a bill of costs. The determination of whether a bill of costs has been filed within a reasonable time is within the trial court's discretion. Here, the court determines that three months after the verdict was a reasonable time in which to file a bill of costs. Accordingly, the plaintiff's objection is overruled.
In the defendant's bill of costs, she seeks recovery of the costs for the subpoena of Trooper John Albanese pursuant to Connecticut General Statutes § 52-257(b)(6). The plaintiff argues that the defendant cannot recover these cost because Trooper Albanese testified with the plaintiff's case in chief, not the defendant's, and therefore, the defendant is not entitled to these costs.
Pursuant to Connecticut General Statutes § 52-257(b)(6), a prevailing party may receive costs for subpoenas. An extensive search of Connecticut case law, however, revealed no cases on the issue of whether the costs for the subpoena of a witness not used in a party's case in chief are recoverable.
"It is a settled principle of our common law that parties are required to bear their own litigation expenses except as otherwise provided by statute." M. DeMatteo Construction Co. v.New London, 236 Conn. 710, 715, 674 A.2d 845 (1996); Verrastro v.Sivertsen, 188 Conn. 213, 217, 448 A.2d 1344 (1982). "Furthermore, because costs are the creature of statute . . . unless the statute clearly provides for them courts cannot tax them." M. DeMatteo Construction Co. v. New London, supra,236 Conn. 715; Audubon Associates Limited Partnership v. BarclayStubbs, Inc., 225 Conn. 804, 814, 626 A.2d 729 (1993); Verrastrov. Sivertsen, supra, 188 Conn. 217.
The costs for the subpoena fall within § 52-257(b)(6), because that section allows the prevailing party to recover costs for subpoenas and no case law limits the application of this section.
On August 18, 1998, the plaintiff filed a motion for judgment and interest pursuant to offer of judgment against CT Page 679 defendant, Joanne Budd, for interest pursuant to Connecticut General Statutes § 52-192a. The defendant filed an objection to the plaintiff's motion on August 28, 1998.
The plaintiff argues that he is entitled to 12% per annum interest on the judgment against the defendant, Joanne Budd, from the return date to the date of judgment pursuant to §52-192a. In the calculation of the judgment amount, the plaintiff reduced the jury verdict of $31,000 by the amount of $3,133.87 received from a collateral source and then added costs awarded by the court in the amount of $3,673.49 to arrive at a total judgment of $31,539.62. When divided equally among the two defendants against whom the plaintiff prevailed, the total judgment, according to the plaintiff, per defendant is $15,769.81 which is in excess of the offer of judgment of $15,000 made to the defendant, Budd. The plaintiff claims that, underGould v. Hayes, 71 Conn. 86, 92 (1898), costs are subject to interest and therefore are included in the judgment amount.
The defendant argues that costs should not be included in the calculation of the judgment amount and, without the inclusion of costs, the judgment against the defendant is not in excess of the offer of judgment. The defendant argues that Gouldv. Hayes is not controlling because the interest statute referred to in the 1888 revision of the replevin statute used in Gould v.Hayes is § 37-3a, today's prejudgment interest statute. The defendant argues that because § 52-192a did not come into existence until 1976, Gould v. Hayes could not have applied to this section of the statute and it is therefore inapplicable to this case.
C.G.S. § 52-192a states in relevant part: "If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the `offer of judgment' was filed." CT Page 680
"Our courts have consistently held that prejudgment interest is to be awarded by the trial court when a valid offer of judgment is filed by the plaintiff, the offer is rejected by the defendant, and the plaintiff ultimately recovers an amount greater than the offer of judgment after trial." Lutynski v. B.B. J. Trucking, Inc., 31 Conn. App. 806, 812, 628 A.2d 1
(1993).
Where a claim for a specific remedy, including costs, under a statute are alleged in the complaint, "any relief awarded under such a claim after trial must be included in the amount of recovery for the purpose of measurement against an offer of judgment made under 52-192a(b)." Crowther v. Gerber GarmentTechnology, Inc., 8 Conn. App. 254, 269-70, 513 A.2d 144 (1986). See, e.g., Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 301, 472 A.2d 316 (1984) (treble damages alleged in complaint are included in the amount of the judgment); Edward Denike Tree Co.v. Butler, 21 Conn. App. 366, 369, 573 A.2d 349 (1990) ("Interest awarded pursuant to 52-192a(b) may apply to a judgment that includes attorney's fees and interest.").
The case law is absent in the situation where costs were included in the judgment amount in determining prejudgment interest under § 52-192a. Many cases, however, refer to the award of costs along with an award of interest. See, e.g.,Loomis Institute v. Windsor, 234 Conn. 169, 174, 661 A.2d 1001
(1995); Munroe v. Emhart Corp. , 46 Conn. App. 37, 40,699 A.2d 213 (1997); Giannitti v. City of Stamford, 25 Conn. App. 67, 78,593 A.2d 140 (1991).
Here, the plaintiff's reliance on Gould v. Hayes is misplaced. In Gould v. Hayes, supra, there was a prior award to Gould in a replevin action between the same parties for the value of the goods replevied from him plus costs in that action. Gould was seeking recovery of damages due to the prior replevin of his property from a bond that was issued in the prior replevin action. The trial court limited Gould's recovery to what he had been awarded in the prior action, i.e., his interest in the replevied goods, damages and costs. Gould appealed. The Supreme Court allowed the costs which had been already awarded to Gould in the prior action to be included in the amount of judgment for determination of interest because these costs were awarded in the prior action and being recovered from the bond in the case that was at bar. Gould v. Hayes is clearly distinguishable from the CT Page 681 current case because the costs the plaintiff is seeking to include in calculating the judgment amount were not awarded from a prior case, but were awarded in the present case. Gould v.Hayes is not controlling in this case.
Here, costs should not be included in the calculation of the judgment amount in determining whether that amount is in excess of the plaintiff's offer for judgment because the plaintiff did not allege recovery of such costs in his complaint and no court has otherwise considered such costs in determining whether § 52-192a should be applied and interest awarded. The court therefore denies the plaintiff's motion for judgment and interest pursuant to offer of judgment because the plaintiff's recovered amount against defendant Budd without costs ($13,933.07) is less than the plaintiff's offer for judgment ($15,000).
By the court,
GILL, J.