[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal challenging the defendant's finding of an employer-employee relationship between the plaintiff employer and one William Greatorex. For the reasons stated below, the appeal is dismissed.
The underlying facts of this case are described by the Board of Review as follows:
 The record reveals that the appellant [plaintiff] is licensed as a home improvement contractor and is engaged in residential remodeling. While the firm normally performs carpentry work, trim, and siding, it is the customary practice to subcontract with individuals licensed to do electrical or plumbing work because the appellant is not licensed for this work. Subcontractors generally bid for a particular job, and the appellant pays a fee for the work on the basis of the bid. The claimant received an hourly rate for the work he performed for the subject employer, based upon his job bid. The appellant did not deduct taxes or social security contributions from the remuneration paid. The appellant provided some of the necessary tools and materials and reimbursed the claimant for those materials which he purchased. In addition to the plumbing and electrical work, the claimant did some carpentry and siding as well, at times working with the owner of the firm.
Decision of Board of Review at 2. CT Page 1328
Greatorex worked for the plaintiff during all four quarters of the calendar year 1987 and, in June of 1988, applied for unemployment benefits claiming a voluntary separation from employment. After a subsequent investigation by a field auditor, the defendant determined that Greatorex was an employee of the plaintiffs. The plaintiff filed a timely appeal, and a hearing was held before a referee on September 6, 1988. On November 10, 1988, the referee affirmed the defendant's determination. An appeal from this decision was timely filed. On January 9, 1989, the Board of Review affirmed the decision of the referee with some modification of his findings of fact. An appeal to this court was filed on February 8, 1990. A hearing was held on February 13, 1991.
The term "employment" is defined in Conn. Gen. Stat. Sec.31-222 (a)(1). "Besides codifying the common law rules used to determine the existence of an employer-employee relationship, the [statute includes] the use of what is popularly known in Connecticut and throughout the country in similar legislation as the `ABC test.'" Latimer v. Administrator, 216 Conn. 237, 245-46,579 A.2d 497 (1990). Under this test,
 Service performed by an individual shall be deemed to be employment . . . irrespective of whether the common law relationship of master and servant exists, unless and until it is shown to the satisfaction of the administrator that (I) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and (II) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (III) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.
Conn. Gen. Stat. Sec. 31-222 (a)(1)(B). "In order to demonstrate that he is not an employer and therefore has no liability to unemployment taxes. . .a recipient of services must show that he has CT Page 1329 satisfied the criteria necessary to establish nonliability under all three prongs of the ABC test." Latimer v. Administrator, supra, 216 Conn. at 246-47. Put another way, "[b]ecause the prongs of the ABC test. . .are conjunctive, the inability of the recipient of services to satisfy any single one of these prongs necessarily results in a conclusion that an employee-employer relationship exists." Id. at 252.
The Board of Review below determined that the plaintiff failed to satisfy either parts A or C of the ABC test. (It found the facts and law sufficiently unclear that it did not reach a conclusion as to part B.) As to part A, which requires a showing that the individual in question was "free from control and direction in connection with the performance of [his] service," the Board noted that, in addition to electrical and plumbing work, Greatorex "performed carpentry work, at times working side by side with the appellant owner. The appellant furnished the claimant with tools and materials, indicating an element of control. . . . The carpentry work performed by the claimant was under the supervision of the appellant." As to Part C, which requires a showing that the individual "is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed," the Board found that, "[t]he appellant failed to document that the claimant had an independent business by introducing a business card, invoice, or letter head. Furthermore, the Board of Review takes official notice that the Department of Consumer Protection of the State of Connecticut has no record that an electrician's or plumber's license was ever issued to William Greatorex."
"The determination of the status of an individual as an independent contractor is often difficult. . .and, in the absence of controlling considerations, is a question of fact." Robert C. Buell Co. v. Danaher, 127 Conn. 606, 610, 18 A.2d 697 (1941). "In appeals of this nature the court cannot substitute its discretion for that legally vested in the [Administrator] but determines on the record whether there is a logical and rational basis for the decision of the Commissioner or whether, in the light of the evidence, he has acted illegally or in abuse of his discretion." Taminski v. Administrator, 168 Conn. 324, 326,362 A.2d 868 (1975). After a thorough review of the record, the court is convinced that there was no abuse of discretion here.
As to Part A of the ABC test, the defendant Administrator could reasonably have concluded that — at least with respect to carpentry work — the right to general control of Greatorex's activities vested with the plaintiff. "At the least, he could reasonably have determined that the plaintiff had failed to sustain his burden of showing that [Greatorex was] free from [its] control and direction in the rendering of [his] services." Latimer CT Page 1330 v. Administrator, supra, 216 Conn. at 249.
The case is even more clear-cut with respect to part C of the ABC test. Here, there was a simple lack of proof by the plaintiff that Greatorex was customarily engaged in an independently established trade of the same nature as that involved in the service performed here. The plaintiff, on appeal as was the case below, has pointed to no evidence that would substantiate a finding of this nature. The fact that the plaintiff filed a Form 1099 concerning Greatorex with the Internal Revenue Service — apart from the fact that the filing of this form by the plaintiff cannot possibly be conclusive as to the defendant with respect to any fact contested here — is wholly irrelevant to this issue. Since the plaintiff altogether failed to carry its burden of proof on this issue, the Administrator had no choice but to conclude that an employer-employee relationship existed.
For the reasons stated above, the appeal is dismissed.
JON C. BLUE Judge of the Superior Court