[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Drew A. House appeals under General Statutes § 31-249b a decision by the Employment Security Board of Review denying his claim for unemployment compensation.[1] He requests this court to overturn the Board's decision and award him unemployment benefits or, in the alternative, to remand the case for additional hearings. For the reasons stated below, the decision of the Board of Review is affirmed and the appeal is dismissed.
House filed with the State of Connecticut, Department of Labor a claim for unemployment benefits after his employer, Remlitho, Inc., discharged him from work for his having been repeatedly absent from work without notifying Remlitho. A hearing examiner denied House's claim for benefits. House appealed the examiner's decision to an appeals referee who conducted a de novo
hearing and rendered a decision on July 7, 1993, affirming the examiner's decision and denying House's claims for benefits. House appealed this decision to the Employment Security Board of Review. CT Page 11582
On September 10, 1993, the Board rendered a decision remanding the matter to the appeals referee for the purpose of eliciting further testimony. The Board directed the referee to issue a new decision and stated that the Board did not retain jurisdiction.
The appeals referee conducted another hearing and, on November 3, 1993, rendered a new decision. The referee concluded "[t]he record of evidence and testimony reveal that the claimant was terminated for two separate episodes of absenteeism without notice which occurred after the claimant returned to work following an injury." He ruled that "the employer terminated the claimant for repeated acts of wilful misconduct during the course of his employment." House again appealed to the Board of Review.
The Board, on February 7, 1994, affirmed the referee's decision and, on April 13, 1994, denied House's motion to reopen the proceedings. House thereupon appealed to this court. In his claims of error, which are set forth in an amended appeal petition filed pursuant to Practice Book § 518A (now § 22-8) and General Statutes § 31-249b, House alleges that the Board of Review erred:
"1. In denying the claimant's motion to reopen dated March 9, 1994, in order to submit additional evidence, in its decision of April 13, 1994.
"2. In failing to give due weight to the testimony of the claimant with regard to the reason for the absenteeism during the period of May 11 through May 14, 1993, whereby a doctor's note was obtained thus justifying the absenteeism.
"3. In failing to give the claimant an opportunity on the remand to submit the evidence of the doctor's note, which was provided the employer for the period of May 11 through May 14, 1993, and which would have indicated that said absenteeism was an excused absenteeism and should not have been considered when determining if there was any prior absenteeism by the claimant."
 I
"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by CT Page 11583 the board of review. The court must not retry facts nor hear evidence . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion . . ." (Citations omitted.) MattatuckMuseum-Mattatuck History Society v. Administrator, UnemploymentCompensation Act, 238 Conn. 273, 276, 679 A.2d 347 (1996). See also Practice Book § 22-9.
 II
The first claim of error is that the Board erred when it denied that claimant's motion to reopen. General Statutes § 31-249a provides that a decision of the Board may be reopened "on grounds of new evidence or if the ends of justice so require upon good cause shown." Section 31-237g-50a(2) of the Regulations of Connecticut State Agencies provides that a claimant who wishes to have a case reopened should describe all reasons and good cause for such motion and, if new evidence is alleged, identify the new evidence, explain why it was not presented at the hearing previously scheduled, and give the reason why such alleged new evidence is material to the case. In the brief that House filed with the Board, he requested "a further hearing . . . to contest the employer's testimony that no notice was given for the absence from work for the May 11-14, 1993 period." The appellant also stated that he "would like to show, in greater detail, that the absence during the period May 18, to 21, 1993 was brought about by a change in the conditions of employment created by the employer . . ." (ROR, Item 24, pp. 1 2).
In its decision denying the motion to reopen, the Board determined "that the claimant has been given a full and fair opportunity to present his case, and that all of the issues presented at the hearing have been carefully considered by the Referee and the Board." It noted that the claimant "has not alleged any new evidence which he would present at a new hearing or a reason for his failure to present all of his evidence previously." (ROR, Item 25, p. 2). The Board also reviewed the evidence and stated that "we cannot conclude on the basis of the evidence before us that the claimant's discharge was CT Page 11584 discriminatorily motivated . . ." (ROR, Item 25, p. 2). Finally, the Board concluded "that the claimant has failed to show that the ends of justice require a reopening of the Board's decision." (ROR, Item 25, p. 2).
On appeal before this court, House argues that the motion to reopen should have been granted because "[t]he remand instructions were one sided and did not afford the claimant with sufficient notice that he would be given an opportunity to testify and present evidence that he had given the employer notice as to his absence from work during the period May 11, through May 14, 1993." This court has reviewed the record and concludes that the Board's decision of September 10, 1993, whereby it remanded the matter to the appeals referee for another hearing, clearly advised both sides what evidentiary issues the appeal's referee should address. Moreover, the record does not show that House was denied the opportunity to present evidence at the second hearing before the appeal's referee. The Board did not abuse its discretion when it denied the motion to reopen.
 III
The second claim of error is that the Board failed to give due weight to the testimony of the claimant with regard to the reason for the absenteeism during the period of May 11 through May 14, 1993. House argues that the referee improperly found on remand that House was absent without notification from May 11, 1993, to May 14, 1993, because these dates are not mentioned in the previous decision. He claims this finding is improper in light of the Boards observation in its decision of September 10, 1993, "we are not convinced, based on the existing record, that the claimant's alleged prior incidents of absenteeism without notification constitute wilful misconduct."
The Board in its decision of September 10, 1993 did not find facts and thereby restrict the referee on remand. Moreover, in the first round of decisions, both the referee and the Board indirectly referred to incidents of absenteeism without notification that occurred prior to May 18, 1993. The referee stated that "[p]rior wilful misconduct is proved by the claimant's prior absences without notice." The Board, in remanding the matter, noted that "we are not convinced, based on the existing record, that the claimant's alleged prior incidents of absenteeism without notification constituted wilful misconduct." There is nothing in the record that shows the CT Page 11585 referee improperly found House was absent without notification from May 11, 1993, to May 14, 1993.
House asserts that "[h]ad the claimant been given the opportunity to prove that the absenteeism during . . . May 11-14, 1993 was justified and was with notice to the employer, as requested in the motion to reopen, then there would not be any prior incidents of absenteeism without notice and no repeated acts of wilful misconduct." This argument is a reiteration of the first issue, which this court has decided adversely to House. The Board properly denied the motion to reopen.
House claims that the board's first and second decisions are inconsistent and that this inconsistency shows the Board acted arbitrarily when it affirmed the referee's final decision. In its first decision of September 10, 1993, the Board observed that "the claimant credibly testified at the Referee's hearing that he did not call in to report his absence on May 18, 1993 or on subsequent dates because his boss, Dominque Mattei, advised him that if he missed one more do; he need not bother calling in or coming in, as he would no longer have a job." The Board also stated "we are not convinced, based on the existing record, that the claimant's alleged prior incidents of absenteeism without notification constituted wilful misconduct." The essence of the Board's first decision is that it determined that the testimony of House's boss, Dominque Mattei, was essential in order to make a proper credibility determination on whether House called his employer to report his absence on May 18, 1993. On remand, the referee found "The employer did not say, 'Don't come back if you miss another day's work' or any words to that effect." The Board, in its second decision, adopted this finding along with the other findings made by the referee. House argues that this latter finding was improper because it was inconsistent with the Board's earlier decision.
In its decision after remand, the Board stated it had reviewed the record in the appeal, including the tape recordings of the referee's hearing. The referee ruled that the employer had terminated the claimant for repeated acts of wilful misconduct and affirmed the Administrator's decision. The Board found "that the Referee's findings of fact are supported by the record" and "that the conclusion reached by the referee is legally consistent with those findings and provisions of the Connecticut Unemployment Compensation Act." The Board adopted the referee's findings of fact and decision as its own. CT Page 11586
The findings support the referee's and Board's conclusion. In appeals of this nature, it is not the function of this court to adjudicate questions of fact. "Rather, it is the function of the court to determine, on the record, 'whether there is a logical and rational basis for the decision of the [board] or whether, in the light of the evidence, [the board] has acted illegally or in abuse of [its] discretion.' Taminski v. Administrator,168 Conn. 324, 326 A.2d 868 (1975)." Calnan v. Administrator, UnemploymentCompensation Act, 43 Conn. App. 779, 785 (1996). There is a logical and rational basis for the decision. Accordingly, this court concludes that the Board did not act arbitrarily or in abuse of its discretion when it adopted the referee's findings and affirmed the decision.
 IV
House's third claim of error is that he was not given an opportunity on remand to submit evidence relating to a note from a doctor. To the extent that this claim of error is based on House's contention that the remand order did not give House notice that he could present evidence on an issue, this court concludes that both sides were given fair notice as to the issues that were to be resolved by the referee. There is nothing in the record that indicates House was denied an opportunity to submit evidence at the second hearing before the referee.
The Board of Review's decision is affirmed and the appeal is dismissed.
THIM, JUDGE