[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The dispositive issue in this administrative appeal is whether the Appeals Referee should have been given an opportunity to act upon the claimant David G. Minahan's timely motion to reopen the evidence in order to present additional evidence with respect to the credibility of a crucial witness, Roger Bartholomew (Bartholomew).
The claimant was employed by Home Depot U.S.A. (Home Depot) as a salesperson. He was discharged from his employment on the grounds of wilful misconduct — he accepted employment from Bartholomew to install Pergo flooring while on the premises of Home Depot — which was contrary to the employer's established rules. The parties agree, notwithstanding the Appeals Referee's and the Board of Review's insistence to the contrary, that if the solicitation by the claimant took place off the premises of the Home Depot, it would not constitute a violation of the rules of the employer.[1]
The Administrator of Unemployment Compensation ruled that the claimant was eligible for unemployment compensation benefits. Home Depot appealed the decision to the Appeals Referee, who conducted a de novo evidentiary hearing which resulted in a reversal of the Administrator's decision. The claimant filed a timely motion to reopen the Appeals Referee evidentiary hearing through the computer. The additional evidence would have demonstrated that Bartholomew's claim that he was approached by the claimant on the premises of Home Depot was not credible. Furthermore, the additional evidence would have disclosed that Bartholomew had an incentive to claim that he was solicited on Home Depot's premises which has enabled him to obtain a warranty from Home Depot for the flooring job he botched. Somehow the motion to reopen the Appeals Referee evidentiary hearing was coded by the Support Unit, as an "Appeal" and sent to the Board of Review. The Board of Review treated the claimant's motion to reopen the Appeals Referee's evidential hearing as a motion to present evidence before the Board of Review., which is an entirely different ball of wax. The Board of Review denied its reformulated motion to present evidence. Nevertheless, in accordance with the "Facsimile Cover Sheet" of the fax entitled "APPEAL" it also considered the motion an appeal to the Review Board and the Review Board affirmed the Appeals Referee and dismissed the appeal.
The Review Board like the Appeals Referee alternatively found that CT Page 7940 "even if, as the claimant maintains, Bartholomew approached the claimant off the employer's premises because he recognized him from the flooring clinics, the employer's rule prohibited the claimant from soliciting work from the employer's customers for himself. The claimant's explanation that he contracted to install the flooring after Bartholomew approached him at the restaurant as a Home Depot associate would still be a violation of the employer's rule against soliciting work for himself from the employer's customer." This is simply not correct.[2]
In this case, the Appeals Referee never had the opportunity to act upon the motion to reopen the evidence, and if denied, the Board of Review never had an opportunity to determine under those circumstances whether the Appeals Referee abused his discretion. Furthermore, the Appeals Referee and the Review Board have failed to comply with the requirement that the Unemployment Compensation Act "should be liberally construed in favor of its beneficiaries. Taminski v. Administrator, 168 Conn. 324,328, 362 A.2d 868 (1975). Indeed, the legislature underscored its intent by expressly mandating that the "act shall be construed, interpreted andadministered in such manner as to presume coverage, eligibility andnondisqualification in doubtful cases.' General Statutes § 31-274
(c)." Mattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278 (1996) (emphasis supplied).
Accordingly, the decision of the Board of Review to affirm the decision of the Appeals Referee and dismiss the case is reversed, and it is ordered that this matter be remanded to the Appeals Referee to determine, taking into account that the Act must be liberally construed in favor of the employee and the beneficent purposes of the Act is to provide income for unemployed persons in order to support themselves and their families, whether the evidential hearing should be reopened.
 Berdon, Judge Trial Referee