[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Laverne Watts appeals from a decision of the Employment Security Review Board (Board) dismissing her appeal and affirming the decision of the Appeals Referee to uphold the Administrator's denial of her application for unemployment compensation benefits.
The plaintiff, a single parent of five minor children, pursued her claim in this matter before the Appeals Referee, the Board and this court as a pro se. She was not able to obtain the services of an attorney in the private sector because she did not have the funds. The plaintiff attempted to obtain the services of an attorney from New Haven Legal Assistance but was unable to do so because one was not available.
The decision of the Board to dismiss the plaintiff's appeal must be reversed for two reasons, either of which would justify reversal. The Court must first put the case in the context of an unemployment compensation appeal. This Court is guided by the well known principles underlying the Unemployment Compensation Act. It "was designed to ameliorate the tragic consequences of unemployment." Waterbury SavingsBank v. Danaher, 128 Conn. 78, 82-3 (1941). "[T]he act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Taminski v. Administrator, 168 Conn. 324, 328, 362 A.2d 868
(1975). Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes § 31-274
(c)." Mattatuck Museum-Mattatuck Historical Society v. Administration,238 Conn. 273, 278 (1996).
The Board, Appeals Referee and Administration should also be guided by this long established principle. Church Homes, Inc. v. Administrator,Unemployment Compensation Act, 250 Conn. 297, 306-7 (1999); Robinson v.Unemployment Security Board of Review, 181 Conn. 1, 24 (1980); F.A.S.International, Inc. v. Reilly, 179 Conn. 507, 516 (1980); Halabi v.CT Page 14765Administrator, 171 Conn. 316, 322 (1976); United Aircraft Corp. v.Fusan, 163 Conn. 401, 410 (1972); Derench v. Administrator, 141 Conn. 321
(1954); Kelly v. Administrator, 136 Conn. 482, 487 (1950); Reger v.Administrator, 132 Conn. 647, 650 (1946); Gumbs v. Administrator,9 Conn. App. 131, 133 (1986).
First, the Board must be reversed because the plaintiff requested an opportunity to be represented by an attorney and present evidence of her eligibility for unemployment compensation benefits. The Board refused to grant such relief and shielded the decision of the Appeal Referee by stating that the plaintiff "never sought a postponement or continuance of the Referee's hearing on the basis of her attorney's unavailability." That finding by the Board ignores the fact that the plaintiff attempted to obtain an attorney from New Haven Legal Assistance to represent her before the Appeals Referee, but was unable to do so because the office was overburdened. Furthermore, "the leniency traditionally afforded to inexperienced pro se parties may justify belated consideration of claims not fully explored in earlier proceedings." Barnham v. Administrator,184 Conn. 317, 322-3 (1981). When this claim is put in the context that the act must be liberally construed, the plaintiff's claim for a new hearing becomes compelling.
Furthermore, the plaintiff distinctly raised the issue of an attorney before the Board and requested that the Board receive evidence to support her claim that she was justified in leaving her employment. In her appeal to the Board she stated "I have an attorney to be present that was unable to attend first appeal and is now able to be present at set date. Also there are facts and testimony from other employees of Alert [the employer] to be given." The Board flatly rejected this claim because "she failed to show . . . that the ends of justice require that the Board receive additional evidence or testimony in order to adjudicate the appeal." Decision of the Board, dated May 4, 2001. The court finds, under the circumstances of this case, that the Board abused its discretion by denying the plaintiff an evidentiary hearing wherein she could be represented by an attorney.
Second, the Board and the Appeals Referee misconstrued the argument of the plaintiff in this case. The Board and the Appeals Referee focused on the unavailability of transportation to her place of employment that caused the plaintiff to leave her employment thus leading her down a prohibited path[1] resulting in a denial of benefits. It is true that the pro se plaintiff pointed out that she did not have transportation, but that was one of the consequences of the employer's action. The plaintiff's unemployment compensation claim in this case is predicated on the employer's change in the method and time of paying her wages. Although the employer's normal pay day is on a Friday, it allowed the CT Page 14766 plaintiff to pick up her pay check on a Thursday night which became a condition of her employment. The Appeals Referee made the following finding: "The normal payday is on Friday. For a while the claimant was allowed to pick up her pay check on Thursday night. After the employer stopped this practice, the claimant's pay check was mailed out to her. The claimant did not always receive the pay check in a timely fashion when the check came through the mail." General Statutes 31-236 (a)(2) (A) clearly provides, in part, that "no individual shall be ineligible for benefits if the individual leaves suitable work (i) for good cause attributable to the employer, including leaving as a result of changesin conditions created by the individual's employer, . . ."(emphasis supplied) See Robinson v. Unemployment Security Board of Review, supra.,181 Conn. at 14. The Appeals Referee did not, however, focus on the change of condition of employment by the employer — that is, mailing the pay check to the plaintiff on a Friday instead of allowing her to pick it up on a Thursday — and another evidentiary hearing is required.
The Board's dismissal of the appeal is reversed and the appeal is reinstated before the Board, for the purposes of providing the plaintiff an opportunity to be represented by counsel and it is ordered that the Board or, if remanded the Appeals Referee, grant the plaintiff an evidentiary hearing and an opportunity to be heard by an attorney.
By the Court,
Robert I. Berdon Judge Trial Referee