[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff-employee, Michael Winter, has appealed the decision of the Employment Security Board of Review that he left the employ of Commemorative Brands, Inc. voluntarily and without good cause attributable to his employer. Therefore, concluding that he was not entitled to receive unemployment compensation benefits.
Michael Winter left his job on January 22, 1999. He claims that he left his employment because it was unsuitable, rendering his leaving the employment involuntary. The plaintiff further claims that he left his employment for good cause attributable to the actions of and the environment at Commemorative Brands, Inc.
 DISCUSSION
In an appeal of this nature, the court does not try the matter de novo. The court does not see and hear the witnesses. The court does not determine the credibility of the witnesses; rather the court is bound by the evaluation of the testimony and the conclusions reached by the appeals referee who saw and heard the witnesses as may be modified by the board of review. The court does not adjudicate facts. It may not substitute its conclusions for those made administratively. Its power to correct fact findings is limited. General Statutes § 31-249b; Practice Book § 22-9. Rather, the court's function is to determine, on the record, "whether there is a logical and rational basis for the decision of the [board] or whether, in the light of the evidence, [the board] has acted illegally or in abuse of [its] discretion." Taminski v.Administrator Unemployment Compensation Act, 168 Conn. 324, 326,362 A.2d 868 (1975).
Here, the plaintiff's appeal is a frontal attack on the factual findings and conclusions made at the several administrative levels. The board of review made findings about various events the plaintiff claims CT Page 15609 made the employment unsuitable. The plaintiff disputes these findings in this appeal and requests that the court corrects these findings of the board of review.
"In order for a plaintiff to challenge the findings of the board of review properly on appeal, the plaintiff must file a motion to correct those findings." Chavez v. Administrator Unemployment Compensation Act,44 Conn. App. 105, 106, 686 A.2d 1014 (1997). Practice Book § 22-4
provides: "If the appellant desires to have the finding of the board [of review] corrected he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portion of the evidence as he or she deems relevant and material to the corrections asked for; but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he or she may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. The board shall forthwith upon the filing of the motion and the transcript of the evidence, give notice to the adverse party or parties." Practice Book § 22-4.
In this case, the plaintiff failed to file the requisite motion to correct. Therefore, the court's review is limited to whether or not there was any evidence to support the conclusion reached by the board of review. Upon review of the entire record, the court cannot say that the administrative findings and conclusions could not have been reasonably reached. Such findings are sufficient to sustain the conclusion that the plaintiff voluntarily quit his employment without good cause attributable to the employer.
The appeal is dismissed.
Cremins, J.